WILLIAM H. VAN ARSDALE, Respondent, *v.* GEORGE KING, Appellant.

1. APPEAL TO COURT OF APPEALS — CODE CIV. PRO. § 190.  The provision of the Code (§ 190) allowing appeals as of right to the Court of Appeals from "judgments or orders finally determining actions or special proceedings," refers only to final judgments in actions and final orders in special proceedings.

2. ORDER IN ACTION.  The above provision does not allow an appeal to the Court of Appeals from an order in an action, even although it is one which ends the litigation, as, an order denying a motion to vacate, on the ground that jurisdiction of the person had not been acquired, a judgment by default and a precedent order granting leave to sue on an old judgment.

3. DETERMINATION OF ACTION.  An action is determined, within the meaning of the Code, only when the issues of fact or law, if any, have been tried and decided and the final judgment entered, which judicially settles the controversy between the parties.

*Van Arsdale* v. *King*, 18 App. Div. 629, appeal dismissed.

(Argued March 1, 1898; decided March 15, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered June 18, 1897, affirming an order of Special Term.

The nature of the order and the facts, so far as material, are stated in the opinion.

*Britton H. Tabor* for appellant.  It is a jurisdictional requirement to the maintenance of an action upon a judgment that an order granting leave to bring the same shall first be obtained. (Code Civ. Pro. § 1913 ; *Farish* v. *Austin*, 25 Hun, 430 ; *G. S. Bank* v. *Currington*, 89 N. Y. 632 ; *Cook* v. *Thurston*, 18 Misc. Rep. 506 ; *Pennoyer* v. *Neff*, 95 U. S. 714 ; *Graham* v. *Spencer*, 14 Fed. Rep. 331.)  An objection based upon a failure to comply with any jurisdictional requirement is never waived. (*Latham* v. *Edgerton*, 9 Cowen, 227 ; *Kamp* v. *Kamp*, 59 N. Y. 212 ; Black on Judg. 278.)  Although the plaintiff obtained an order granting leave to sue, yet that order failed to confer jurisdiction upon the court, for the reason that it was obtained without compliance with the essential

and jurisdictional requirements of the Code. (*McCracken* v. *Flanagan*, 127 N. Y. 493 ; Code Civ. Pro. § 798.)

*Isaac N. Mills* for respondent. The summons and complaint in this action were personally served upon the defendant. (*Randall* v. *Packard*, 142 N. Y. 47 ; *Pellas* v. *Motley*, 143 N. Y. 657 ; *Todd* v. *Nelson*, 109 N. Y. 322 ; *Lyon* v. *Hersey*, 100 N. Y. 641.) This action having been commenced by personal service of the summons and complaint upon the defendant, and he having failed to answer or demur and thus suffered default, it is immaterial whether or not leave to bring the action was ever granted by the court. (*Brush* v. *Hoar*, 15 N. Y. S. R. 859 ; *Freeman* v. *Dutcher*, 15 Abb. [N. C.] 431 ; *Smith* v. *Britton*, 45 How. Pr. 428 ; *McKernan* v. *Robinson*, 84 N. Y. 105 ; *Earle* v. *David*, 86 N. Y. 634.) Even if no leave to sue had been obtained, and the defendant had by demurrer or answer raised the objection, the Supreme Court could grant such leave *nunc pro tunc.* (*Church* v. *Van Buren*, 55 How. Pr. 489 ; *McKernan* v. *Robinson*, 84 N. Y. 105.) The order of the Westchester Special Term granting leave to bring this action was well made. (Code Civ. Pro. §§ 488, 499, 1282, 1913 ; *Oliver* v. *French*, 82 Hun, 436 ; *McCracken* v. *Flanagan*, 127 N. Y. 493 ; *Nanz* v. *Oakley*, 122 N. Y. 631 ; *Perkins* v. *Stimmel*, 114 N. Y. 359 ; *Kilpatrick* v. *Dean*, 4 N. Y. Supp. 708 ; *Scofield* v. *Doscher*, 72 N. Y. 495 ; *Palmer* v. *Davis*, 28 N. Y. 242 ; *F. F. Ins. Co.* v. *Baldwin*, 37 N. Y. 648 ; *Varnum* v. *Taylor*, 59 Hun, 554.) Even if the preliminary order authorizing the service of notice by mail was defective, and even if the objection on account of such defect was not conclusively waived by failure to raise it by demurrer or answer, or by failure to move within one year after the filing of the judgment roll, yet the *laches* of the defendant in making this motion should prevent his obtaining any relief. (*Bain* v. *Tile Co.*, 7 Wkly Dig. 335 ; *Irving Bank* v. *Adams*, 16 Wkly. Dig. 113 ; *Wygant* v. *Brown*, 7 N. Y. Supp. 490 ; *James* v. *McCreery*, 7 N. Y. Supp. 494.) The plaintiff could, by the leave of the court,

maintain an action upon the original judgment any time within twenty years. (*Brush* v. *Hoar*, 15 N. Y. S. R. 859; *Gray* v. *Seeber*, 6 N. Y. Supp. 802.) The plaintiff's motion cannot be granted as a motion to open a default and permit him to put in an answer. (*Wade* v. *De Leyer*, 63 N. Y. 318; *Lawrence* v. *Farley*, 73 N. Y. 188; *Kiefer* v. *G. T. R. Co.*, 121 N. Y. 712; *People ex rel.* v. *Brown*, 103 N. Y. 684; *Foote* v. *Lathrop*, 41 N. Y. 358.)

O'BRIEN, J. The original order in this case, which the Appellate Division has affirmed, denied a motion made by the defendant to set aside another order which granted leave to the plaintiff to bring this action to recover upon an old judgment. It appears that on the 27th day of November, 1880, the plaintiff recovered a judgment against the defendant in the County Court for $453.38. On the 6th of December, 1890, the court, at Special Term, made an order granting leave to the plaintiff to bring an action on the judgment in the Supreme Court. The papers and order to show cause upon which the order was made were served upon the defendant by mail on the 26th of November, 1890, directed to him at what was claimed and alleged to be his residence in the state of Massachusetts.

The defendant did not appear to oppose the motion. On the 5th of April, 1892, the defendant was found in this state and personally served with the summons and complaint in the action. He did not appear or defend, and the plaintiff entered judgment by default on the 19th of May, 1892, for $785.09.

On the 14th of April, 1894, the defendant procured an order to show cause, returnable on April 21, why the judgment and the order granting leave to sue should not be vacated and set aside.

On this motion the defendant claimed and submitted proof tending to show that he had all the time been a resident of the city of New York, and on that showing asked to have all the proceedings vacated, either because they were without jurisdiction or irregular. It cannot very well be urged in

this court that the proceedings were void, since the court, in granting leave to sue, and again upon the motion to vacate, had proof before it tending to show that all the time he had in fact resided in Massachusetts. In other words, his residence on both applications was, under the circumstances, a question of fact, and on the first application the plaintiff's proof was uncontradicted.

But we will assume for the purpose of disposing of the case, and for that purpose only, that the court did not acquire jurisdiction, since that is the most favorable view possible to take for the defendant, who contends that he has the right to have the order denying his motion to vacate reviewed in this court.

There is evidently much confusion in the profession with reference to the class of orders that this court has the power to review, though section 190 of the Code, following the exact words of the Constitution, would seem to be very plain. Appeals are constantly brought to this court from orders on the ground that in some remote way they are supposed to determine actions. In the first place there cannot, properly speaking, be any such thing as an order which *determines* an action within the meaning of the Code. Actions cannot be determined by orders but by final judgments. A motion may be determined by an order, but the final determination of an action must be a judgment.

There may be, in practice or in the progress of the cause, such a thing as an order which may or may not have the effect of ending the case in the sense that one party or the other can go no farther, but such an order *determines* no controversy or any action in the sense contemplated by the Constitution and the Code.

Thus, an order granting a motion to set aside the summons may have the effect of putting an end to the action in the sense that the plaintiff cannot proceed any farther, but it determines nothing except, possibly, that the action had never been properly commenced. The same observation would be applicable to an order denying a motion to vacate an attachment which is a process by which an action by the aid of a

summons may be commenced in certain cases against certain parties.

But, perhaps, the best illustration of the idea is to be found in the case now before us. Here the courts below have refused to vacate the judgment or the order on which it is supposed to be founded, and it is said that it, therefore, determines the action. A judgment by default determines nothing in the sense of the Code regulating appeals, and hence no appeal lies from it. The defendant himself determined this action, if there ever was a determination, by failing to answer the complaint within the time allowed by law. The order appealed from determined nothing except that the practice was regular or that the court acquired jurisdiction of the person of the defendant. The only question involved was whether the papers were properly served. What the learned counsel for the defendant evidently means is, that the denial of his motion by the court below leaves his client in such a position that there is nothing more that he can do in the action except pay the judgment which he allowed to go by default. It may, indeed, be true that this order will end the litigation, but law suits are frequently ended without having determined anything except, possibly, the costs, and surely this order cannot for that reason alone be called a final order which determines an action. An action is determined, within the meaning of the Code, only when the issues of law or fact, if any, have been tried and decided and the final judgment entered, which judicially settles the controversy between the parties.

On a careful reading of the section of the Code referred to it will be seen that it does not include, or even refer to, such a vague and undefinable thing as a final order determining an action. The following is the language of the section with which we are now concerned: "Appeals may be taken as of right to said court, from judgments or orders finally determining actions or special proceedings, and from orders granting new trials on exceptions, where the appellants stipulate that upon affirmance, judgment absolute shall be rendered against them."

42

This language is not only terse but very clear and explicit. The words " finally determining" qualify the nature of both the judgments and orders that may be appealed from, and, hence, the judgment must be a final judgment, and the order a final order. The word "actions" relates to the antecedent word "judgments," and, hence, it must be a judgment in an action. The words "special proceedings" relate to the antecedent word "orders," and, hence, the order must be an order in a special proceeding. The whole provision limits appeals to this court to three classes: (1) Appeals from final judgments in actions. (2) Appeals from final orders in special proceedings. (3) Appeals from orders granting new trials on exceptions, where a stipulation is given for judgment absolute. This leaves no room in the section for an appeal from any other kind of an order as matter of right. (*Merriam* v. *W. & P. Lith. Co.*, 155 N. Y. 136.) Therefore, since the order in this case is very clearly not a final order in a special proceeding, nor an order granting a new trial on exceptions, the appeal should be dismissed, with costs.

All concur.

Appeal dismissed.