In the Matter of the Application of ANTHONY T. SMALL, Individually and as Executor of GRACE A. SMALL, Deceased, Appellant; SAMUEL BOLTON, JR., as Executor of MARY DUGDALE, Deceased, Respondent.

APPEAL — ORDER DENYING APPLICATION TO OPEN SURROGATE'S DECREE ON FINAL SETTLEMENT OF ACCOUNTS. An order of a Surrogate's Court, denying an application to open the decree entered in a proceeding for the final judicial settlement of an executor's accounts and to require a further accounting, is not an order "finally determining" the special proceeding, within the meaning of section 190 of the Code of Civil Procedure, and therefore an order of the Appellate Division affirming the same is not appealable as of right to the Court of Appeals.

*Matter of Small,* 27 App. Div. 438, appeal dismissed.

(Argued January 9, 1899; decided January 24, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered March 28, 1898, affirming an order of the Surrogate's Court of Rensselaer county refusing to reopen the decree settling the final account of Samuel Bolton, Jr., as executor of Mary Dugdale, deceased, and to order a further accounting.

The facts, so far as material, are stated in the opinion.

*Michael D. Nolan* for appellant.

*Charles F. Doyle* for respondent.   The appeal should be dismissed.   The appeal is not from a final order.   A similar motion could be entertained for a new hearing as often as the surrogate might in his discretion hear it.   (*Stoerzer* v. *Nolan*, 155 N. Y. 667; *Van Arsdale* v. *King*, 155 N. Y. 325; *City of Johnstown* v. *Wade*, 157 N. Y. 50; *Matter of Grab*, 157 .N. Y. 69; *Matter of Henderson*, 157 N. Y. 423.)

*Samuel Foster*, special guardian for William B. Dugdale, a minor.

PARKER, Ch. J.   After the entry of a decree in the matter of the final judicial settlement of the accounts of an executor, a petition was filed alleging that the executor had not accounted for all the moneys received by him, and praying the Surrogate's Court to open the decree and to compel a further accounting.   Objection thereto was made by the executor, and, thereafter, testimony was offered and received in support of the petition and answer, and the result was an order by the surrogate denying the application to open the decree and to require a further accounting.   On a review by the Appellate Division there was a difference of opinion in the court whether the application should have been granted, but the outcome was an affirmance of the order appealed from.   It was a special proceeding (Code, § 3334; *Matter of Smith*, 95 N. Y. 526) and resulted in the decree, to open which this proceeding was instituted, and such decree was a final order in that special proceeding within the meaning of section 190 of the Code of Civil Procedure.   Orders, subsequently made, denying motions to set aside the decree, or to open it, for the purpose of correcting errors or to compel further accounting, while later, in point of time, are not orders "finally determining" such special proceedings.   (*Van Arsdale* v. *King*, 155 N. Y. 325; *City of Johnstown* v. *Wade*, 157 N. Y. 50.)

The appeal should be dismissed, with costs.

All concur.

Appeal dismissed, with costs, and fifty dollars costs to the special guardian.