In the Matter of the Estate of HENRY BALDWIN, Deceased. JAMES H. TIBBITTS, Appellant; OSCAR B. STRATTON, Administrator, etc., Respondent.

APPEAL — DISCRETIONARY ORDER OF SURROGATE. Appeal from affirmance of a surrogate's order vacating a stay on probate, denying an application for issuance of letters testamentary and relief from a stipulation of renunciation by an executor, and granting letters of administration with the will annexed, dismissed, on the ground that the granting of the order was discretionary and therefore not reviewable in the Court of Appeals.

*Matter of Baldwin,* 27 App. Div. 506, appeal dismissed.
(Argued February 27, 1899; decided March 21, 1899.)

APPEAL from an order of the Appellate Division of the Supreme Court in the fourth judicial department, entered July 11, 1898, affirming an order of the Surrogate's Court of the county of Steuben.

This was a proceeding for the probate of the will of Henry Baldwin, deceased. The probate was contested upon the grounds of duress, undue influence and the incompetency of the testator. Objections were also filed to the granting of letters to one of the executors named in the will. The appellant, Tibbitts, who was the other executor, stipulated that if letters were denied to his co executor and opposition to the probate withdrawn, he would renounce and consent that letters of administration with the will annexed be issued to himself and the respondent, Stratton. Opposition to the probate was abandoned, the will admitted, and the hearing adjourned for the purpose of taking proof upon the issues raised by the objections, letters in the meantime not to issue.

Thereafter Tibbitts filed a petition praying to be relieved from his stipulation and that letters testamentary be issued to him, which was denied, and the following order, from the affirmance of which this appeal is taken, was entered:

" *Ordered,* That the stay on probate be and is hereby set aside and vacated and that the application for issuance of letters testamentary and relief from stipulation be and same is hereby denied, and that letters of administration with will annexed upon will of Henry Baldwin, dec'd, issue to James H. Tibbitts and Oscar B. Stratton upon filing bond in the sum

of forty thousand dollars according to statute and its approval and upon filing oath of office. Leave is given to counsel respectively upon notice to apply for settlement of any allowances for disbursements and counsel fees herein.

"M. RUMSEY MILLER,

"*Surrogate.*"

Additional facts are stated in the dissenting opinion.

*Francis E. Baldwin* for appellant.

*John F. Parkhurst* for respondent.

Appeal dismissed, with costs, on the ground that the granting of the order was discretionary and, therefore, not reviewable in this court.

GRAY, BARTLETT, HAIGHT and VANN, JJ., concur; PARKER, Ch. J., reads dissenting opinion; O'BRIEN and MARTIN, JJ., not voting.

PARKER, Ch. J. (dissenting). Prior to the enactment of section 190 of the Code, following the exact words of the Constitution, which provides that "Appeals may be taken as of right to said court, from judgments or orders finally determining actions or special proceedings, and from orders granting new trials on exceptions, where the appellants stipulate that upon affirmance judgment absolute shall be rendered against them," this appeal would have been properly dismissed on the ground that the granting of the order appealed from rested in the discretion of the Surrogate's Court, and, therefore, was not the subject of review in this court. But, unless I am mistaken in reaching the conclusion that this order is not a final order in a special proceeding, this court is without jurisdiction to entertain the appeal for any purpose. It is true that the order, which vacates the stay on probate, denies the application for issuance of letters testamentary and grants letters of administration with the will annexed, is final in the sense that it puts at an end all controversy as to the questions decided by it; but that is very far from determining that it is a final order in a special proceeding within the meaning of the Constitution and the Code.

In *Van Arsdale* v. *King* (155 N. Y. 325) the order that this court was asked to review denied a motion to vacate a judgment on the ground that jurisdiction of the person had not been acquired; but this court held that while the order stopped all further controversy, nevertheless it was not the subject of review in this court, as an appeal as of right can be taken only from a final judgment entered judicially, determining the controversy between the parties.

In *City of Johnstown* v. *Wade* (157 N. Y. 50) the Appellate Division reversed an order of the Special Term vacating a final order and judgment in a condemnation proceeding; and this court held that, while it was the last order made in that proceeding, it was not the final order within the meaning of the Constitution and the Code, and, therefore, was not appealable as of right to this court.

In *Matter of Small* (158 N. Y. 128) the order appealed from affirmed an order of the Surrogate's Court denying an application to open the decree in a proceeding for the final judicial settlement of an executor's accounts and to require a further accounting. This court dismissed the appeal for want of jurisdiction, holding that the orders subsequently made denying the motion to set aside the decree, or to open it for the purpose of correcting errors, or to compel a further accounting, while later in point of time, are not orders finally determining such special proceedings. Other cases might be cited to the same effect; but these are sufficient to show that it is settled in this court that the only order in a special proceeding, appealable as of right to this court, is the order finally determining such special proceeding, and there is but one such order in a special proceeding.

Now let us inquire what this proceeding was, to the end that we may know whether the order appealed from finally determines it. Turning to the record, we find that the proceeding out of which this order grew had for its purpose the probate of the will of Henry Baldwin. It was a special proceeding. (Code, § 3334; *Matter of Small, supra.*) A petition was filed and citations thereupon issued, upon the return of which objections were filed to the granting of letters testamentary to one of the executors named therein. A few

days later a temporary administrator of the estate was appointed, and still later the will was admitted to probate, and the decree admitting the will to probate was the order finally determining that special proceeding. No one will question this statement; and if they do, an examination of the papers in the proceeding will show that it is well founded. The petition prayed for the probate of the will and for nothing else. The citation issued required the parties named therein to appear and attend the probate of such will. Proof of service of citation was filed, appearances noted, and the evidence of the subscribing witnesses taken, after which the order adjudging that the instrument was the last will and testament of the testator and admitting it to probate was made. By the order was finally determined the matters that induced the commencement of the proceedings, and, therefore, it was the only order from which an appeal as of right could be taken to this court. After the probate of a will letters testamentary issue to the executors named therein, usually as matter of course, and because the testator has the same right to direct to whom letters shall be issued as he has to direct to whom his property shall be given. While the statute requires that the administrator of the estate of an intestate shall give security for the faithful discharge of the duties of an administrator, the testator may provide by his will that his executor need not give security, although he may have no pecuniary responsibility whatever, because it is his own property that the testator is making disposition of, and the law recognizes his right to use his judgment in selecting the party who shall execute his testament. There are exceptions to this rule: As, where a party, at the time he was named as executor, was supposed to be a man of large financial responsibility and sterling character, but at the time of the probate had become insolvent and his reputation affected by disclosures of questionable practices on his part in his dealings with others, the result of which is to present a very different person than the testator had supposed him at the time when he named him executor. The practice in such a case is provided for by section 2636 of the Code. That the issue of letters does not constitute an independent proceeding, but is regarded as a mere incident to the proceeding to probate the will, is

apparent from the language of that section, which reads as follows: "Immediately after a will has been admitted to probate, the person or persons named therein as executors, who are competent by law to serve, and who appear and qualify, are entitled to letters testamentary thereupon; unless," etc. Before referring to what follows, attention is called to the fact that the statute does not provide for any petition for letters testamentary, or any other proceeding of any kind or nature whatsoever, but declares that the executors who appear and qualify are entitled to letters testamentary immediately after the will has been admitted to probate. But as there may be legal objections to the granting of letters to one or more of the executors, an exception to the command of the statute to issue letters immediately to the executors who appear and qualify, follows the provision above quoted, "unless, before the letters are granted, a creditor of the decedent, or a person interested in the estate, files an affidavit, specifying," among other things, "one or more legal objections to granting the letters to one or more of the executors, or stating that he is advised and believes that there are such objections, and that he intends to file a specific statement of the same." The section also provides for a stay of the granting of letters for at least thirty days, or until the matter is sooner disposed of. The next section provides that the surrogate must inquire into the objections, and for that purpose may receive proof by affidavit or otherwise in his discretion. The hearing may be formal, or very informal, in the discretion of the surrogate, as its only purpose is to so advise him that his discretion may be intelligently exercised.

It will serve no good purpose to examine the succeeding sections of the Code relating to this general subject, for the sections already referred to make it clear that the proceeding is a mere incident to the special proceeding instituted for the purpose of probating the will, in which the order admitting the will to probate finally determines the proceeding. Where the surrogate overrules the objections to granting letters, he asserts, it is true, that they are without legal merit, but he issues the letters testamentary, because after the granting of the order admitting the will to probate, the executors named

therein are entitled to letters in the absence of valid legal objections. If it be possible to spell out of this procedure an independent special proceeding, then very few orders are made in a Surrogate's Court that are not appealable as matter of right to this court. Section 2516 of the Code provides: " Except in a case where it is otherwise specially prescribed by law, *a special proceeding in a Surrogate's Court must be commenced by the service of a citation*, issued upon the presentation of a petition." A proceeding to probate a will, as in the case under consideration, and proceedings for the final accounting of an executor, are commenced by the command of the statute by the service of a citation, issued upon the presentation of a petition, and under the section of the statute quoted they are independent special proceedings in a Surrogate's Court. There are other special proceedings commenced in a Surrogate's Court in the same way ; but the proceedings in a Surrogate's Court, instituted otherwise than by service of a citation, are not special proceedings " except in a case where it is otherwise specially prescribed by law."

Now, in order to give this exception any meaning whatever, it must necessarily be held that it is not every proceeding in a Surrogate's Court, no matter how instituted, or what its nature, that is a special proceeding. If such had been the purpose of the framers of the Code, they would have given it effect by providing that every proceeding in a Surrogate's Court, whether instituted by petition, affidavit, objection or otherwise, is a special proceeding. The natural and ordinary meaning of the language employed in the section quoted, limits an independent special proceeding in a Surrogate's Court to such as is commenced by the service of a citation, except where it is otherwise specially prescribed by law that a special proceeding may be instituted in some other way. Clearly there is nothing in section 2636 of the Code to bring this alleged independent proceeding within the exception ; nor should a strained construction be given to it for the purpose of retaining jurisdiction over orders of this character. The scheme of the Constitution to limit appeals to this court and make final the determination of the Appellate Division in a large field of litigation, has been given effect by legislative enactment, with

MEMORANDA. 719

the result that in many important classes of actions the right of appeal to this court has been taken away, and their places should not be taken by a class of unimportant orders in Surrogates' Courts involving, as in this case, matters of discretion that this court is without authority to review.

I advise that the appeal be dismissed on the ground that the order is not appealable as matter of right to this court.