under a permit issued by the city. Mr. Justice INGRAHAM, delivering the opinion of the court, after citing numerous cases, said:

"These cases establish a proposition that where a municipal corporation gives a permit to obstruct a street, an absolute duty is imposed upon the corporation to see to it that the obstruction is so protected and guarded that a person using the street, and entitled to rely upon the presumption that it is safe for use, will be warned of the danger in time to avoid injury. By giving the permit, it thereby becomes a joint actor with the licensee in creating the obstruction, and the city thereby becomes responsible for any neglect or default of the licensee in properly guarding, so that persons using the street will not be exposed to unnecessary danger."

Finally, it is urged that the judgment should be reversed because the plaintiff, by the entry of the judgment against Miller & Holme, elected to proceed against them alone, and thereby abandon his cause of action against the city. I do not understand this to be the law. A plaintiff may sue all joint tort feasors jointly, or each of them separately. If he brings separate actions, and has separate recoveries, the satisfaction of one judgment satisfies them all. Livingston v. Bishop, 1 Johns. 290, 3 Am. Dec. 330; Thomas v. Rumsey, 6 Johns. 26; Breslin v. Peck, 38 Hun, 623; Russell v. McCall, 141 N. Y. 437, 36 N. E. 498, 38 Am. St. Rep. 807; Palmer v. N. Y. News Publishing Co., 31 App. Div. 212, 52 N. Y. Supp. 539. Here the plaintiff elected to proceed against the city and Miller & Holme jointly, and the first trial, as we have already seen, resulted in a judgment against them jointly. The fact that that judgment was reversed as to the city and a new trial ordered did not, because the plaintiff saw fit to reduce the judgment as to Miller & Holme instead of taking a new trial, destroy his cause of action against the city. He could still retain the judgment against Miller & Holme, and continue the action, as he did, against the city. A satisfaction of either judgment, however, would be a satisfaction of both. Other errors are suggested, but they do not seem to require consideration here.

The judgment and order appealed from, therefore, should be affirmed, with costs.

O'BRIEN, P. J., concurs. INGRAHAM and HOUGHTON, JJ., concur in result. CLARKE, J., dissents.

---

(112 App. Div. 184)

### McGOVERN v. MANHATTAN RY. CO.

(Supreme Court, Appellate Division, First Department. March 9, 1906.)

APPEAL—STAY OF PROCEEDINGS.

Where a party appealed to the Appellate Division of the Supreme Court from an order denying a new trial, which was affirmed, and attempted an appeal from the judgment of the trial court, which was inoperative because the notice of appeal was not served in time, he was not entitled to a stay of proceedings pending an appeal from the judgment of the Appellate Division to the Court of Appeals; he having no right to take such an appeal under Const. art. 6, § 9, permitting appeals to the Court of Appeals only from judgments or orders entered on decisions of the Appellate Division of the Supreme Court finally determining actions or proceedings.

Appeal from Special Term, New York County.

Action by Bernard McGovern against the Manhattan Railway Company. From an order granting a stay of proceedings to enable the defendant to appeal to the Court of Appeals, he appeals. Reversed.

Argued before O'BRIEN, P. J., and PATTERSON, INGRAHAM, LAUGHLIN, and CLARKE, JJ.

Augustus Van Wyck, for appellant.

John F. McIntyre, for respondent.

INGRAHAM, J. This action was to recover for personal injuries, and resulted in a judgment for the plaintiff entered upon the verdict of a jury. A motion for a new trial was made at the Trial Term and denied, whereupon the defendant attempted to appeal from said judgment and order denying the motion for a new trial. His notice of appeal from the judgment was served too late, and that appeal was dismissed. The appeal from the order denying the motion for a new trial was then brought on for hearing at this court, and subsequently the order appealed from was affirmed; one justice dissenting. Thereupon the defendant made a motion for leave to appeal to the Court of Appeals, which motion was denied. The defendant, on an affidavit alleging that it was advised by counsel that the defendant had a right to appeal to the Court of Appeals, without leave of this court, made a motion to the Special Term for a stay of proceedings on the judgment pending such appeal, which motion was granted; and from the order granting the same the plaintiff appeals.

We think this order was unauthorized. The defendant having failed to appeal from the judgment, that judgment stands unreversed and in full force and effect. There is no power to allow an appeal from a judgment after the time to appeal therefrom had expired. The appeal to this court from the order denying the motion to set aside the verdict and for a new trial upon the judge's minutes having been affirmed, no other appeal is allowed.

Section 9 of article 6 of the Constitution provides:

"After the last day of December, one thousand eight hundred and ninety-five, the jurisdiction of the Court of Appeals, except where the judgment is of death, shall be limited to the review of questions of law. * * * Except where the judgment is of death, appeals may be taken, as of right, to said court only from judgments or orders entered upon decisions of the Appellate Division of the Supreme Court, finally determining actions or special proceedings, and from orders granting new trials on exceptions where the appellants stipulate that upon affirmance judgment absolute shall be rendered against them."

It is apparent that an order denying a motion for a new trial upon the judge's minutes was neither a judgment nor order finally determining an action or special proceeding. It was an order in the action and determined the particular motion in that action, which it denied. The judgment finally determined the action, and from that judgment no appeal was taken. An action is finally determined by the final judgment. A special proceeding is finally determined by a final order, but an order entered in an action denying a motion for a new trial is not an order finally determining a judgment or special proceeding. This has

been again and again determined by the Court of Appeals. See Van Arsdale v. King, 155 N. Y. 325, 49 N. E. 866; Murphy v. Walsh, 169 N. Y. 595, 62 N. E. 1098; Croveno v. Atlantic Ave. R. R. Co., 150 N. Y. 225, 44 N. E. 968; People v. Miller, 169 N. Y. 339, 62 N. E. 418, 88 Am. St. Rep. 546; Hammond v. National Bank Ass'n, 168 N. Y. 262, 61 N. E. 244. It is quite true that we have no jurisdiction to determine whether or not a particular order is appealable to the Court of Appeals. That question is to be determined by that court when the question is presented to it. When, however, a party to an action applies to the Supreme Court to stay proceedings upon a final judgment against it, which has not been appealed from, upon the ground that it has taken an appeal from an order in the action to the Court of Appeals, such proceedings should not be stayed when it clearly appears, as it does in this case, that the order is not appealable. We think it clear under the decision of the Court of Appeals that the order of this court affirming the order denying the motion for a new trial is not appealable to that court, and therefore it was error for the Special Term to stay the execution of the judgment.

It follows that the order appealed from should be reversed, with $10 costs and disbursements, and the motion denied, with $10 costs. All concur.