In the Matter of the Estate of JOHN H. JOHNSTON, Deceased. (No. 1.)*

Surrogate's Court, Kings County, September 28, 1937.

*Jack G. Lieberman,* for the petitioner Estelle Bloomfield, executrix named in the will.

*Lieberman & Garafola,* for the objectants Edward H. Johnston, Martina M. Peters and Irene M. Mareno, three of the children of decedent.

WINGATE, S. This is a petition for letters by the executrix named in the will which has been duly admitted to probate. Prior to such probate the executrix renounced. Thereafter she filed a document in this court purporting to retract such renunciation.

Certain of the statutory distributees of the decedent oppose the application for letters on the ground that such renunciation was made pursuant to an agreement between all interested parties that a contemplated contest of the will should be withheld provided such renunciation was made and certain other enumerated acts performed by the present petitioner and other persons. It is further averred that pursuant to such arrangement the renunciation was filed in this court and that subsequent thereto the other parties consented to the probate of the will.

---

* See *Matter of Johnston, No. 2* (164 Misc. 469).

Section 158 of the Surrogate's Court Act provides in substance that a renunciation of letters may be retracted prior to the issuance of any letters upon the estate, or thereafter, if the office of fiduciary becomes vacant, and thereupon continues that " where a retraction is so made, letters testamentary may, in the discretion of the surrogate, be issued to the person making it."

Consonantly with express language of the section, it has been held that an application for letters under such circumstances is addressed to the discretion of the court (*Matter of Cornell*, 17 Misc. 468, 471; *Matter of Haug*, 29 id. 36, 39; *Matter of Tredwell*, 37 id. 584, 585; revd. on other grounds, 77 App. Div. 155), with the exercise of which an appellate tribunal will not interfere in the absence of a demonstration of manifest abuse. (*Matter of Baldwin*, 27 App. Div. 506, 509; appeal dismissed, 158 N. Y. 713.)

If the facts as alleged in the answer are true, there is precedent for the denial of the present application in the case last cited which would be a substantially four-square authority on the facts. This the court would follow, since it would be disinclined to intrust the administration of the estate to one so insensible to obligation as the petitioner would be demonstrated to be if it were established that she had attempted to act in direct contravention of her express agreement.

It is, however, a familiar fact that allegation and demonstration frequently fail to coincide. The allegation in the answer must, of course, be deemed traversed which raises a triable issue as to the existence of the alleged agreement. This may not be determined in the absence of a hearing, for which purpose the matter may be set down by either party on usual notice.

Proceed in conformity herewith.