SOL H. GENATT et al., Respondents, v. CHIARAMONTE & SONS, INC., Appellant; THE PEOPLE OF THE STATE OF NEW YORK et al., Defendants, and DANSKER REALTY AND SECURITIES CORPORATION, Impleaded Defendant-Respondent.— In an action to foreclose a mortgage, order granting plaintiffs' and impleaded defendant's motion for summary judgment striking out appellant's answer, including the counterclaim against plaintiffs and the impleaded defendant, unanimously affirmed, with $10 costs and disbursements. No opinion. Present — Carswell, Acting P. J., Johnston, Adel, Wenzel and MacCrate, JJ.

VICTORIA GIULIANO, Respondent, v. JOSEPH GIULIANO, Appellant.— Appeal by respondent husband from an order of the Domestic Relations Court of the City of New York, County of Richmond, Family Court Division, which denies his motion to dismiss a petition and continues in effect an order of that court previously made, directing him to support his wife. Appellant, by his notice of appeal, sought to bring up for review the support order, previously made, from which no appeal had been taken. Appeal dismissed, without costs. There is no warrant in law for a review of the order directing support, by the procedure adopted by appellant (cf. Civ. Prac. Act, § 580), and the order appealed from is not appealable, since it is neither a final order or judgment (N. Y. City Dom. Rel. Ct. Act, § 58; cf. *Van Arsdale* v. *King*, 155 N. Y. 325; *McGovern* v. *Manhattan Ry. Co.*, 112 App. Div. 184; *Matter of Small*, 158 N. Y. 128, and *Hammond* v. *National Life Assn.*, 168 N. Y. 262). Present — Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ.

EVELYN INERFIELD, Respondent, v. ABRAHAM M. INERFIELD, Appellant.— In an action to recover amounts unpaid under a separation agreement and for other relief, order striking out defenses and granting partial summary judgment to respondent modified on the law by striking the ordering paragraphs therefrom and inserting in place thereof a paragraph providing that respondent's motion be granted to the extent of striking the second affirmative defense from the answer and in all other respects denied. As thus modified, the order is unanimously affirmed, without costs. The judgment entered on the order is vacated, without costs. The first affirmative defense is sufficient as a pleading to allege that the written separation agreement was executed and delivered as part of an illegal agreement to procure a divorce or was the consideration for such illegal agreement, and such allegations are sufficient substantively. (*Murthey* v. *Murthey*, 287 N. Y. 740.) Present — Nolan, P. J., Carswell, Adel, Sneed and MacCrate, JJ.