LOUIS C. SPRAGUE, Appellant, v. LILLIAN SPRAGUE, Respondent.— Appeal by plaintiff from an order of the Supreme Court at Special Term, entered in Delaware County. The order provides: " Ordered that the present divorce herein referred to be modified by deleting therefrom paragraph ' 4 ' and inserting therein a provision that the question of the custody and support of the children be subject to the judgment of the Children's Court of Delaware County,

and that nothing herein contained shall, in any manner or way, limit or divest the said Children's Court of its jurisdiction." Appellant questions the jurisdiction of Children's Court and contends that the Supreme Court must retain jurisdiction. Both courts have original jurisdiction over the care, custody and support of children. Although the jurisdiction of Children's Court is "subject to the jurisdiction of a court of record in a civil action or proceeding" (Children's Court Act, § 6, subd. 2), the court of record in which such action is pending is not required to assume or retain jurisdiction of the matters within the jurisdiction of both courts. The mere fact that a civil action is pending does not divest the Children's Court of jurisdiction. If the decree (in the civil action) is silent as to custody, the Children's Court still has jurisdiction. (*Rosenberg* v. *Rosenberg*, 241 App. Div. 411.) Section 1170 of the Civil Practice Act gives the Supreme Court broad powers in matrimonial actions to "annul, vary or modify" any directions in a decree relating to the custody and support of children, and to insert such direction "as justice requires". Under that section the court clearly had authority to make the order here in question. While the terms of the order seem broad enough to embrace the entire question of custody, support and maintenance, it may be that other paragraphs of the interlocutory decree should have been included in the deletion. Order modified, on the law and facts, by adding thereto that paragraphs V and VI are also deleted, and as so modified is affirmed, without costs. Foster, P. J., Bergan, Coon, Halpern and Imrie, JJ., concur.