Thomas P. Farley, J.
In an action brought pursuant to section 473 of the Civil Practice Act for a judgment declaring the rights of the parties under a separation agreement, the defendant moves to dismiss the complaint for legal insufficiency under rule 106 of the Rules of Civil Practice. The contention of the plaintiff, the former husband of the defendant, is that the agreement is void because made in contemplation of a divorce. The basis for this contention is a “ whereas ” clause in the body of the separation agreement incorporated into the complaint which states: 4 ‘ Whereas, the Husband is presently contemplating the institution of an action for divorce in the State of Alabama, on the grounds of the separation of the parties ’ \ Aside from this passing reference to divorce, there is absolutely nothing in the agreement or the allegations of the complaint from which it can be inferred that the benefit to be derived by either party from the agreement was contingent upon the dissolution of the marriage (Lake v. Lake, 136 App. Div. 47; Levy v. Levy, 149 App. Div. 561); that the agreement was executed and delivered as part of an illegal agreement to procure a divorce or was the consideration for such illegal agreement (Murthey v. Murthey, 287 N. Y. 740; Inerfield v. Inerfield, 278 App. Div. 850); that the financial agreement is such that it would be more advantageous to one of the parties to have the agreement followed by the institution of an action for divorce (Baumgartner v. Baumgartner, 16 Misc 2d 400, affd. 4 A D 2d 941; Yates v. Yates, 183 Misc. 934) or that the agreement had a direct tendency toward dissolving the marriage between the parties and was by its terms entered into in order to facilitate their divorce action (Hettich v. Hettich, 301 N. Y. 447).
The court is of the opinion that the complaint fails to state a cause of action and should be dismissed. Moreover, even if the complaint were sufficient, this court would be constrained to decline jurisdiction under rule 212 of the Rules of Civil Practice since existing forms of action are reasonably adequate to protect the interests of the plaintiff (James v. Alderton Dock Yards, 256 N. Y. 298). For this latter reason, leave to replead is denied.