## (March 18, 1969)

■ FAITH RIZZO, Appellant, v. JOHN RIZZO, Respondent.— *Per Curiam.* Appeal by plaintiff wife, in an action for divorce, from an order of the Family Court of Montgomery County, entered October 17, 1968, which fixed defendant's visitation rights; the order and the determination upon which it was predicated having been made upon referral by the Supreme Court pursuant to section 467 of the Family Court Act, whereby it is, among other things, provided that an order made thereunder is appealable only as provided in article 10 of the act. That article, in turn, provides for appeal "as of right from any order of disposition and, in the discretion of the appropriate appellate division, from any other order under [the] act." (Family Ct. Act, § 1012.) An "order of disposition" is a "final" order (*Matter of Taylor* v. *Taylor,* 23 A D 2d 747); and the order purportedly appealed from is not that (*Klein* v. *Klein,* 8 A D 2d 844; *Matter of Klein* v. *Klein,* 11 A D 2d 781). The appeal was taken without permission and must be dismissed, *sua sponte* (*Matter of Commissioner of Welfare of City of N. Y.* v. *Grandolfo,* 30 A D 2d 521). There

is nothing in the record, by way of a notice of appeal or anything else, supportive of the statement in the record that appeal is taken from the order granted November 25, 1968. It seems appropriate to note, for counsel's guidance in completing the pending proceedings without further delay, the comprehensive jurisdiction possessed by the Supreme Court to refer matters of this nature and the complete jurisdiction of the Family Court to adjudicate them. Even before the broad constitutional and statutory provisions now in effect had become law (see, e.g., N. Y. Const., art. VI, § 13, subd. c; Family Court Act, § 467), this court recognized the jurisdiction of the then Children's Court to effectually modify a judgment or order of the Supreme Court respecting custody, upon the Supreme Court's referral of the issue. (*Sprague* v. *Sprague*, 283 App. Div. 679.) Here, of course there was the "referral of an application relative to * * * visitation", which was lacking in *Matter of Bolatin* v. *Bolatin* (29 A D 2d 534, affd. 22 N Y 2d 794), upon which appellant mistakenly relies. Appeal dismissed, with costs. Gibson, P. J., Reynolds, Staley, Jr., Cooke and Greenblott, JJ., concur in memorandum *Per Curiam*.