█ In the Matter of SUSAN BRENNER, Respondent, v WILLIAM A. BRENNER, Appellant.—Order, Family Court, New York County, entered August 23, 1976, denying the motion to set aside decision made April 14, 1976, and for a new hearing, is unanimously affirmed, without costs and without disbursements. In the interest of procedural regularity, the court grants relief to appeal from said order of the Family Court *nunc pro tunc.* To the extent that the appeal may be deemed an appeal from the decision of the Family Court, New York County, dated April 14, 1976, the appeal is dismissed, without costs. In this proceeding by petitioner, former wife, to increase the amount of child support to be payable by her ex-husband, respondent in the Family Court (hereinafter "appellant"), the Family Court after an evidentiary hearing rendered a decision dated April 14, 1976 directing the increase of the amount of child support from $50 per week for the two children to $125 per week. It is not entirely clear on this record whether or not that decision constituted an appealable order or judgment; in any event, appellant did not appeal from it. Instead, appellant moved to set aside the decision; that motion was denied by the Family Court by a "decision and order" of August 23, 1976. By notice of appeal dated September 13, 1976, appellant has appealed from the order of August 23, 1976 "and motion to set aside the decision of above action and decision in above action made April 14, 1976 and for a new hearing." (Appellant is a member of the bar appearing *pro se.)* The August 23, 1976 denial of the motion to set aside the previous decision was obviously correct. No accepted legal grounds for

setting aside a decision after trial were shown. Such new evidence as appellant attempted to adduce had been available to him at the earlier hearing, and, in any event, was not decisive. No appeal lay as of right from the order of August 23, 1976 because that order was not an "order of disposition" within the meaning of section 1112 of the Family Court Act. *(Matter of Lance S.,* 51 AD2d 1057.) Rather than dismiss that appeal, however, in the circumstances of this case, as the appeal has been heard and we are affirming that order on the merits, we grant leave to appeal from that order *nunc pro tunc,* in the interest of procedural regularity. As to the "decision" of April 14, 1976, there are several difficulties. To begin with, appellant has not furnished us with the minutes of all the hearings that led to this decision, and thus we are unable to review it on the merits. Furthermore, if that decision was itself an order, appealable as of right or by permission of this court, then the notice of appeal is untimely. (Family Ct Act, § 1113.) If the decision is not an order, then there is nothing to appeal from at this point. For all these reasons, the appeal from the April 14, 1976 "decision" must be dismissed. Finally, we earnestly recommend to appellant that he not represent himself in any further proceedings. Concur—Lupiano, J. P., Silverman and Evans, JJ.; Markewich, J., concurs in the result only.