■ In the Matter of SUSAN SCHULTZ, Respondent, v DAVID SCHULTZ, Appellant.—In a support proceeding pursuant to Family Court Act article 4, the husband appeals from an order of the Family Court, Queens County (Pearce, J.), dated September 12, 1984, which dismissed that branch of his motion which sought to modify so much of a prior order of the same court as directed him to pay $100 biweekly toward arrears in support payments which were set at $800, and which purportedly denied the branch of his motion which was to set a schedule of child visitation.

Appeal dismissed, without costs or disbursements.

The husband's obligation to make biweekly support payments of $100 and an additional $100 biweekly toward arrears which were set at $800, was fixed by order of the Family Court, Queens County (Pearce, J.), dated May 29, 1984. That order was admittedly made upon consent and was unappealable. The order under review, dated September 12, 1984, dismissed the branch of the husband's motion which was to modify that prior order. Such an order is not appealable as of right (Family Ct Act § 1112 [a]; *Matter of Brenner v Brenner,* 57 AD2d 813, *appeal dismissed* 48 NY2d 713, *lv denied* 51 NY2d 766; *Matter of Lance S.,* 51 AD2d 1057; *Gauquie v Gauquie,* 17 AD2d 611; *Giuliano v Giuliano,* 278 App Div 850). The husband's interpretation of the order under review as one which also denied the branch of his motion which was to set a schedule of child visitation is erroneous. The order merely notes that that branch of the motion had previously been denied in another part of the court. However, even if it had denied the branch of the motion concerning visitation, that portion of the order would also not have been appealable as of right *(Rizzo v Rizzo,* 31 AD2d 1001; *Klein v Klein,* 8 AD2d 844). No timely motion for leave to appeal has been made, and we decline to exercise our discretionary power to deem the notice of appeal to be such an application.

Were the appeal properly before us, we would have affirmed. Bracken, J. P., Lawrence, Eiber and Kooper, JJ., concur.