■ In the Matter of PETER R., Appellant, v DENISE R., Respondent. (Proceeding No. 1.) In the Matter of JESSICA R., an Infant. WESTCHESTER COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; PETER R., Appellant. (Proceeding No. 2.)— In a habeas corpus proceeding (proceeding No. 1) and a child protective proceeding pursuant to Family Court Act article 10 (proceeding No. 2), the father Peter R., appeals from an order of the Family Court, Westchester County (Bellantoni, J.), dated April 13, 1989, which denied his motion for supervised visitation with his daughter, Jessica R.

Ordered that the order is reversed, on the law, without costs or disbursements, and the matter is remitted to the Family Court, Westchester County, for an immediate hearing on the father's motion for supervised visitation.

By writ of habeas corpus, the father petitioned the Family Court to compel the mother to comply with a prior order granting him supervised visitation with their daughter. By order dated October 17, 1988, the Family Court suspended the father's supervised visitation rights pending the conclusion of a hearing on the writ due to the father's purported violation of the terms of a prior order directing supervised visitation. On October 25, 1988, the Westchester County Department of Social Services (hereinafter the Department) commenced a child protective proceeding against the father pursuant to Family Court Act article 10, alleging that Jessica had been sexually abused.

Over five months after the suspension of his supervised visitation rights, the father moved under the caption of both the child protective proceeding and the habeas corpus proceeding for visitation with Jessica under the supervision of a person or persons to be designated by the court, pending the disposition of both proceedings. In support of his motion, the father proffered, *inter alia,* an affidavit from his treating psychiatrist, who found no evidence in sessions with the father that would substantiate the sexual abuse charge and opined that a prolonged separation would have an adverse impact upon the child's emotional well-being. Additionally,

the paternal grandparents, who were initially designated by the court to supervise visitation, submitted affidavits denying that the terms of the court's prior supervised visitation award had been violated by either the father or themselves. The Department, the mother and the Law Guardian opposed the motion, relying upon the affidavit of the child's treating therapist, who had been retained by the mother. According to the therapist, Jessica manifested behavior consistent with child sexual abuse syndrome, and contact with the father, at the present time, could have a serious and detrimental effect upon her psychological health. By order dated April 13, 1989, the Family Court summarily denied the father's motion, albeit a hearing in the habeas corpus proceeding had never been concluded and a hearing in the child abuse proceeding was not imminent, as the Law Guardian had appealed from and obtained a stay pending appeal of a discovery order entered in the latter proceeding.

Before addressing the merits, we reject the mother's contention that no appeal lies from the Family Court's intermediate order of April 13, 1989. Since that order is contingent upon the outcome of a proceeding involving child abuse, it is appealable as of right (see, Family Ct Act § 1112 [a]; cf., Matter of Schultz v Schultz, 117 AD2d 737, 738; Rizzo v Rizzo, 31 AD2d 1001).

Without a hearing in this case, it is impossible to determine whether or not the denial of supervised visitation is appropriate (see, Meisner v Meisner, 111 AD2d 788). It is noteworthy that the hearing in the habeas corpus proceeding had never been concluded, although there apparently had only been testimony adduced on the first hearing date which refuted the alleged violation of the terms of the supervised visitation award. At the time of the father's motion for restoration of his supervised visitation rights, he had, in effect, been summarily denied any visitation or contact with Jessica for over five months, there was no realistic prospect for an expeditious trial in the child protective proceeding, and serious issues of fact were raised by the conflicting affidavits concerning Jessica's welfare. Under the circumstances of this case, the Family Court had a duty to make an enlightened, objective and independent evaluation of the circumstances after expeditiously conducting a full and fair hearing (cf., Robert C. R. v Victoria R., 143 AD2d 262). A de novo hearing should be held forthwith so that a proper determination can be made as to what, if any, visitation arrangement will best serve the interests of Jessica pending the disposition of the child protective

proceeding. Rubin, J. P., Eiber, Rosenblatt and Miller, JJ., concur.