■ In the Matter of FRANCIS M., Respondent, v ANNE M., Appellant. In the Matter of JULIETTE M., a Child Alleged to be Neglected. ANNE M., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES OF THE CITY OF NEW YORK, Respondent. [718 NYS2d 822] —Order, Family Court, Bronx County (Allen Alpert, J.), entered on or about June 14, 2000, which, in joint proceedings for custody brought by the subject child's father against the child's mother and for neglect brought by the Administration for Children's Services against the mother, unanimously affirmed insofar as it denied the mother's motion for modification of prior temporary custody orders so as to take temporary custody from the father and give it to the mother or the child's maternal grandparents, and the appeal therefrom unanimously dismissed insofar as it denied the mother's motion for letters rogatory to take the deposition upon written questions of the father's brother in Ireland, all without costs.

That portion of the order denying modification of custody is appealable as of right since the determination of custody is contingent upon the outcome of the neglect proceeding (Family Ct Act § 1112 [a]; *see, Matter of Peter R. v Denise R.*, 163 AD2d 558). On the merits, Family Court properly denied a temporary change of custody given the credibility issues associated with the affidavit of the father's brother that the mother presented in support of the requested change, and appropriately indicated that the mother's only practical recourse was to have the father's brother personally appear in court to testify at the

joint custody and neglect trial that was actually in progress at the time the mother made the motion for the change (*see, David W. v Julia W.*, 158 AD2d 1, 6; *Lazich v Lazich*, 189 AD2d 750, 751-752). That portion of the order denying the issuance of letters rogatory is not appealable as of right since the disclosure sought from the father's brother strictly pertains to the father's fitness to maintain the custody for which he petitioned and has no bearing on the neglect proceeding against the mother (Family Ct Act § 1112 [a]; *see, Firestone v Firestone*, 44 AD2d 671). We note that leave to appeal has already been denied. Concur—Sullivan, P. J., Williams, Tom, Saxe and Friedman, JJ.