THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT McGRAW, Appellant. [836 NYS2d 35]—

Judgment, Supreme Court, New York County (Richard D. Carruthers, J.), rendered October 22, 2004, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 25 years to life, unanimously affirmed.

The verdict was not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). There is no basis for disturbing the jury's determinations concerning identification and credibility. In addition to the testimony of four eyewitnesses who positively identified defendant, the evidence established that defendant changed his alibi from being at work in Manhattan to being in Philadelphia.

The court properly admitted the rebuttal testimony of defendant's former counsel concerning preindictment statements made by him to the District Attorney's Office with defendant's consent, regarding defendant's whereabouts at the time of the robbery, which directly conflicted with the alibi defendant presented at trial. A statement made by an agent of a party, acting within the scope of his authority, is admissible as an admission against the party (*see People v Rivera*, 58 AD2d

147 [1977], *affd* 45 NY2d 989 [1978]). This is not a case of using defendant's withdrawn alibi notice to impeach him or his case, since there never was an alibi notice relating to the first alibi; instead, the first alibi was volunteered in an effort to forestall indictment (*compare People v Rodriguez*, 3 NY3d 462 [2004]; *People v Burgos-Santos*, 98 NY2d 226, 233-235 [2002]). We reject defendant's argument that the statement made by defendant's original attorney to the prosecutor's office was the equivalent of an alibi notice. On the contrary, counsel did not provide this statement as a form of disclosure mandated by CPL 250.20, which "rests on the premise that in criminal cases a state may impose a limited form of pretrial discovery—in the form of an alibi notice requirement—on defendants without violating their Fifth Amendment and due process rights" (*Rodriguez*, 3 NY3d at 467). Therefore, there was nothing to trigger the special protections against impeachment that apply when a defendant withdraws a mandated alibi notice.

Defendant received effective assistance of counsel under the state and federal standards (*see People v Benevento*, 91 NY2d 708, 713-714 [1998]; *see also Strickland v Washington*, 466 US 668 [1984]). Defendant's first attorney was not ineffective when he requested to be relieved in contemplation of being called as a prosecution witness. For the reasons stated above, we conclude that it would have been futile for the attorney to argue that his statements about defendant's whereabouts could not be used to impeach defendant's new alibi. That being the case, once counsel knew that he would be called as a prosecution witness on a significant issue, he was ethically bound to withdraw (*see People v Berroa*, 99 NY2d 134, 139-140 [2002]). Furthermore, it was defendant himself who, by changing his alibi, created the conflict that required counsel to withdraw. We also note that at the time counsel sought to be relieved, there was already pending a motion by defendant for new counsel.

Defendant's evidentiary claims are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them.

Defendant's constitutional challenge to the procedure under which he was sentenced as a persistent violent felony offender is unpreserved and without merit (*see People v Rosen*, 96 NY2d 329 [2001], *cert denied* 534 US 899 [2001]; *Almendarez-Torres v United States*, 523 US 224 [1998]). Concur—Tom, J.P., Williams, McGuire, Malone and Kavanagh, JJ.