■ In the Matter of RASHI-MALIK OLATUNJI G., an Infant. QUASHI G., Appellant; CHILDREN'S VILLAGE, Respondent. [994 NYS2d 610]—

Appeal from order, Family Court, New York County (Clark V.

Richardson, J.), entered on or about September 30, 2013, which, upon a finding that respondent father's consent was not required for the adoption of the subject child, and upon the mother's execution of a judicial surrender with respect to the subject child, ordered that petitioner, the Children's Village, and the Commissioner of Social Services of the City of New York are empowered to consent to the adoption of the child without further notice to, or consent of, the father, unanimously dismissed, without costs, as untimely.

The father's appeal is untimely, as his notice of appeal was filed beyond the time limit required by Family Court Act § 1113. Accordingly, it must be dismissed (*Matter of Brenner v Brenner*, 57 AD2d 813, 814 [1st Dept 1977], *lv dismissed* 51 NY2d 766 [1980]; *Matter of Catherine C. v Billy D.*, 100 AD3d 1292 [3d Dept 2012]).

Were we to reach the merits, we would conclude that the Family Court properly determined that the father's admission, made through his counsel, that he had not provided any financial support for the child statutorily precluded any finding that his consent was required prior to the child's adoption by his foster parent (Domestic Relations Law § 111 [1] [d]; *see also People v McGraw*, 40 AD3d 302, 302 [1st Dept 2007], *lv denied* 9 NY3d 878 [2007]; *DiCamillo v City of New York*, 245 AD2d 332, 333 [2d Dept 1997]). Furthermore, he may not now seek a hearing on the issue, as he did not seek one before the Family Court, and instead, in light of the determination that he was a notice-only father, sought only a best interests hearing (*see Matter of Jamize G.*, 40 AD3d 543, 544 [1st Dept 2007], *lv denied* 9 NY3d 808 [2007]).

Finally, the father's testimony that he was incarcerated, that he was unemployed and relied on his mother for five years, that he had virtually no contact with the child, and his lack of any plan to care for the child other than a speculative desire to find employment after his release, supports the Family Court's determination that it was in the best interests of the child to be freed for adoption. The record reveals that the child would be adopted by his foster parent, with whom the nearly four-year-old child has resided his entire life, and who, unlike the father, is in a position to support and care for the child (*see e.g. Matter of Shatavia Jeffeysha J. [Jeffrey J.]*, 100 AD3d 501 [1st Dept 2012]). Concur—Tom, J.P., Renwick, Moskowitz, Richter and Kapnick, JJ.