### *In re* BOARD OF EDUCATION OF THE CITY OF BROOKLYN.

#### (*City Court of Brooklyn, General Term.* November 24, 1890.)

EMINENT DOMAIN—PROCEDURE—JUDGMENT.

    A proceeding by the board of education of a city to acquire land for public school purposes is a "special proceeding," as distinguished from an "action," as those terms are defined by Code Civil Proc. N. Y. §§ 3333, 3334, 3343, subd. 20, and should therefore terminate in a final order, not in a judgment; and a judgment in favor of a respondent therein for his costs should be vacated on motion.

Appeal from special term.

Petition by the board of education of the city of Brooklyn to acquire title to certain land for the enlargement of the site of a public school in that city. On a discontinuance of the proceeding, an order was entered awarding costs to one of the respondents, Edwin H. Crampton, from which the petitioner appealed to the general term, which affirmed the order; and on such affirmance, a judgment in favor of said respondent was entered on his motion. A motion by the petitioner to vacate the judgment was denied; and from the order denying this motion the petitioner appeals.

Code Civil Proc. N. Y. § 3333, provides that "the word 'action,' as used in the new revision of the statutes, when applied to judicial proceedings, signifies an ordinary prosecution, in a court of justice, by a party against another party, for the enforcement or protection of a right, the redress or prevention of a wrong, or the punishment of a public offense." Section 3334 provides that "every other prosecution by a party, for either of the purposes specified in the last section, is a special proceeding;" and section 3343, subd. 20, declares that "the term 'special proceeding' " refers "to a civil special proceeding."

Argued before CLEMENT, C. J., and VAN WYCK, J.

*Almet F. Jenks*, for appellant. *George C. Blanke*, for respondent.

VAN WYCK, J. This is doubtless a special proceeding, and should terminate in a final order, and not in a judgment. Code Civil Proc. § 3343, subd. 20; Id. §§ 3333, 3334; *Libbey* v. *Mason*, 112 N. Y. 525, 20 N. E. Rep. 355. Therefore we think the order of the general term affirming the special term order in this proceeding was final, and that it was irregular to enter judgment upon such order. The costs should have been taxed by the clerk, and then inserted in the general term order. Sections 3262–3266. We think the mo-

tion to vacate such judgment should have 'been granted. Therefore the order denying the motion should be reversed, with $10 costs of appeal, and disbursements.