SIGMUND M. MUNDT, as Administrator de Bonis non of MARTIN M. MUNDT, Deceased, Respondent, *v.* GERTRUDE GLOKNER, Appellant.

1. NEGLIGENCE — EFFECT OF DEATH OF SOLE NEXT OF KIN UPON ACTION FOR DAMAGES FOR DEATH. *Quære*, whether an action for damages for a death alleged to have been caused by negligence abates upon the death of the sole next of kin of an unmarried person for whose death the action was brought.

2. APPEAL — STIPULATION FOR JUDGMENT ABSOLUTE NOT DISPENSED WITH BY LEAVE TO APPEAL. Under the Constitution (Art. 6, § 9), the Court of Appeals has no jurisdiction to review an appeal from an order granting a new trial on exceptions unless accompanied by a stipulation for judgment absolute in case of affirmance, even though the Appellate Division has allowed the appeal and certified a question of law for review.

3. ALLOWANCE OF APPEAL BY APPELLATE DIVISION. The provision of the Constitution (Art. 6, § 9) permitting the Appellate Division to allow appeals was intended to apply to cases where the appeal is not given

as matter of right; and that court has no power to allow an appeal given as matter of right upon certain conditions, by dispensing with the conditions.

*Mundt* v. *Glokner*, 24 App. Div. 110, appeal dismissed.

(Argued October 12, 1899; decided November 21, 1899.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the first judicial department, entered January 6, 1898, and from the judgment entered thereon January 10, 1898, reversing a judgment in favor of defendant entered upon a dismissal of the complaint at a Trial Term and granting a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

The question certified was as follows:

"Did the cause of action set forth in the complaint survive after the death of Edward M. Mundt, the father and next of kin of Martin M. Mundt, deceased, so that the said cause of action could be continued by the substituted administrator of the said Martin M. Mundt, deceased?"

*Marshall B. Clarke* for appellant. The cause of action for negligently causing the death of another, being founded in tort and not involving an injury to property rights, abates on the death of the person or persons beneficially interested in a recovery. (Code Civ. Pro. §§ 1736, 1870, 1902–1905; *Hollenbeck* v. *B. R. R. Co.*, 9 Cush. 478; *Hegerich* v. *Keddie*, 99 N. Y. 258; *Smith* v. *M. S. Ry. Co.*, 15 Misc. Rep. 158; *Wooden* v. *W. N. Y. & P. R. R. Co.*, 126 N. Y. 10; *Whitford* v. *P. R. R. Co.*, 23 N. Y. 465; *Safford* v. *Drew*, 3 Duer, 627; Thomas on Neg. 487; *Wiltse* v. *Town of Tilden*, 77 Wis. 152; *Taylor* v. *W. P. R. R. Co.*, 45 Cal. 323; *Stuber* v. *McEntee*, 142 N. Y. 200.) The weight of authority in other jurisdictions supports the view that this cause of action does not survive the death of the sole person beneficially interested. (*Woodward* v. *C. & N. Ry. Co.*, 23 Wis. 400; *Westcott* v. *C. V. R. R. Co.*, 61 Vt. 438; *Harvey* v. *B. & O. R. R. Co.*, 70 Md. 319; *Taylor* v. *W. P. R. R. Co.*, 45

Cal. 323; *Loague* v. *R. R. Co.*, 91 Tenn. 458.)  In case of reversal, the question of plaintiff's personal liability for costs should be remitted to the Appellate Division. (*Fox* v. *Matthiessen*, 155 N. Y. 177.)

*Alfred Steckler* and *Levin L. Brown* for respondent.  The death of the personal representative in an action of this character does not abate the action. (Code Civ. Pro. §§ 757, 1902; *Stuber* v. *McEntee*, 142 N. Y. 203; *Lang* v. *H., etc., Ry. Co.*, 75 Hun, 151.)  The death of the father, Edward M. Mundt, did not abate this action. (Code Civ. Pro. §§ 1902, 1905, 2732; S. & R. on Neg. § 135; *Lang* v. *H., etc., Ry. Co.*, 75 Hun, 151; *Oldfield* v. *N. Y. & H. R. R. R. Co.*, 14 N. Y. 310; *Hegerich* v. *Keddie*, 99 N. Y. 258; *Cox* v. *N. Y. C. & H. R. R. R. Co.*, 63 N. Y. 414; *Whitford* v. *P. R. R. Co.*, 23 N. Y. 479; *Wooden* v. *W. N. Y. & P. R. R. Co.*, 126 N. Y. 10; *Waldo* v. *Goodsell*, 33 Conn. 432; *Pineo* v. *N. Y. C. & H. R. R. R. Co.*, 34 Hun, 80.)  The cause of action does not abate by the death of the beneficiary. (*Waldo* v. *Goodsell*, 33 Conn. 432; *Muhl* v. *S. M. R. R. Co.*, 10 Ohio St. 272; *Clare* v. *McIntyre*, 120 Ind. 262; *Webber* v. *Underhill*, 19 Wend. 451; *Penhollow* v. *Doane*, 3 Dall. 54; *The James A. Wright*, 10 Blatch. 160; *Mosely* v. *Mosely*, 11 Abb. Pr. 105; *Kissam* v. *Hamilton*, 20 How. Pr. 372; *Frier* v. *Jackson*, 8 Johns. 507; *Doe* v. *Butler*, 3 Wend. 149.)  This court is without power on this appeal to reverse the order and judgment appealed from. (*Blaschko* v. *Wurster*, 156 N. Y. 444; *Rosenstein* v. *Fox*, 150 N. Y. 354; *Kaplan* v. *N. Y. B. Co.*, 151 N. Y. 171.)

O'Brien, J.  This action was originally brought by a father, as the administrator of his deceased son, to recover damages growing out of the death of the son, caused, as alleged, by the negligent act of the defendant.  It is alleged in the complaint that the defendant, being a druggist and pharmacist, doing business in the city of New York, was applied to by the son, on the 25th day of June, 1892, to sell to him ten grains of

quinine; that thereupon she sold and delivered to him a package purporting to contain quinine and was so marked, but that, in consequence of the carelessness and neglect of the defendant, her agent, servant or employee in the management of the business, instead of delivering to him ten grains of quinine, there was delivered to him ten grains of morphine; that the son intended to purchase quinine as a medicine, and, supposing that that article had been delivered to him, swallowed the contents of the package delivered to him, or a portion thereof, which produced his death.

Edward M. Mundt, the original plaintiff and administrator, was the sole next of kin of the deceased, and he died on the 22d of May, 1895, before the trial of the action. Thereupon the present plaintiff, as administrator *de bonis non* of the deceased son, was substituted in place of the administrator. At the trial, when it appeared that the administrator and sole next of kin of the deceased son had died subsequent to the commencement of the action, the defendant's counsel moved that the complaint be dismissed on the ground that the action had abated by reason of the death of the only party for whose benefit the statute authorized a recovery of damages. The trial court granted the motion, and the complaint was dismissed. The administrator *de bonis non* appealed from the judgment dismissing the complaint to the Appellate Division, and the judgment of the trial court was reversed and a new trial granted. The defendant has appealed to this court from the order reversing the judgment and granting a new trial, but the notice of appeal does not stipulate for judgment absolute in case of affirmance.

On the argument in this court, the counsel for the administrator *de bonis non* moved to dismiss the appeal on the ground that the court had no jurisdiction. It appears, however, from the record that, prior to the service of the notice of appeal to this court, the defendant applied to the Appellate Division for leave to appeal, and his application was granted by that court, and the order granting the application contains a certificate stating that a question of law was involved in the case

which should be reviewed in this court. The question of law stated was, in substance, whether the action abated upon the death of the father and sole next of kin of the person whose death, it is alleged, was produced by the negligent act of the defendant.

Actions of this character are based wholly upon the provisions of the statute (Code Civ. Pro. secs. 1902, 1905), where it is provided that the damages recovered in the action are exclusively for the benefit of the decedent's husband, or wife, or next of kin. It seems that the deceased son was unmarried, and, hence, it was argued that, after the death of his father, there was no one surviving who was entitled to damages in consequence of his death.

The question certified, and which is clearly involved in the case, is undoubtedly an interesting one; but since we have arrived at the conclusion that we have no jurisdiction of the case, we refrain from discussing it. The jurisdiction of this court is limited by the Constitution to questions of law. The question must arise, in all appeals given as matter of right, either upon a review of a final judgment or a final order in a special proceeding, or an order granting a new trial upon exceptions. This court never had jurisdiction to review an order granting a new trial except in conjunction with a stipulation for judgment absolute. That was for the plain reason that the order granting a new trial cannot be in any sense a final judgment, and in many cases determines nothing concerning the real legal merits of the controversy. Hence, it has long been the practice, embodied in the statute, to require a party who seeks to review in this court an order granting a new trial, to accompany his notice of appeal with a stipulation that in case he fails to succeed, an absolute judgment shall be rendered against him. The jurisdiction of this court is expressed in section nine of article six of the present Constitution, which went into effect on the first of January, 1895. The language of the section is as follows: "Except where the judgment is of death, appeals may be taken, as of right, to said court only from judgments or orders entered upon decis-

ions of the Appellate Division of the Supreme Court, finally determining actions or special proceedings, and from orders granting new trials on exceptions, where the appellants stipulate that upon affirmance judgment absolute shall be rendered against them." It will be seen from this language that the jurisdiction of this court is restricted to final judgments in actions, and to two classes of orders therein specified. One is a final order in a special proceeding, which is not at all involved in this case. The other class of orders which we may review are described in the Constitution as orders " granting new trials on exceptions, where the appellants stipulate that upon affirmance judgment absolute shall be rendered against them." Therefore, one of the conditions upon which the jurisdiction of this court depends, when an order granting a new trial is appealed from, is that the appellant shall stipulate that upon affirmance judgment absolute shall be rendered against him. The legislature cannot dispense with this condition, since it cannot enlarge the jurisdiction of this court in that respect, though it may further restrict it.

The learned counsel for the defendant contends that, inasmuch as the Appellate Division has allowed an appeal in the case, and has certified to us a question to be determined, this court has thus acquired jurisdiction of the case. But that, I think, is a mistake. It is true that, in the same section of the Constitution already quoted, it is provided that " the Appellate Division, in any department, may, however, allow an appeal upon any question of law which, in its opinion, ought to be reviewed by the Court of Appeals." That provision must be read with the other already quoted. When the whole section is read together, the meaning is that in those cases where a party is not permitted to appeal to this court as matter of right he may procure an allowance of the appeal from the Appellate Division. But it does not permit an appeal to this court from an order granting a new trial, except upon the condition specified in the section; that is to say, a stipulation for judgment absolute. The construction which the learned counsel for the defendant has put upon the provision

empowering the Appellate Division to allow appeals would enable the courts below to dispense with the necessity for a stipulation for judgment absolute in all cases where an order granting a new trial is sought to be reviewed. In other words, it would make the right of appeal from that class of orders depend not upon the condition which the Constitution prescribes, that is to say, a stipulation for judgment absolute, but upon the views of the Appellate Divisions in every part of the state with respect to the question whether there was involved in the case a question of law which ought to be reviewed.

The correct construction of the Constitution and the statute which follows it, is that certain specified appeals may be made to this court as matter of right. Certain other appeals, not given as matter of right, may be sent here on the certificate of the court below, but that court has no power to allow an appeal, given as matter of right upon certain conditions, by dispensing with the conditions. Every provision of the Constitution and the statute should be given effect, according to the intention of the lawmakers, and that clause of the section permitting the Appellate Division to allow appeals can have full scope and operation by limiting it to cases where the appeal is not given as matter of right. In this way effect is given to both provisions. It was not intended by the provision allowing the courts below to certify cases here to permit appeals from orders granting new trials without any stipulation for judgment absolute. That would open the door for appeals from judgments or orders not final to an extent, and upon conditions not existing before.

There is no reason for believing that the framers of the Constitution intended to enlarge the right to review in this court orders granting new trials. On the contrary, the fair construction of the language employed indicates quite clearly an intention to confine such appeals within the old limits, and subject to the conditions always imposed upon a party desiring to be heard here on appeal from an order directing another trial.

73

When the judgment for the defendant in this case was reversed and a new trial granted, two courses were open to counsel. He could go back to the trial court and retry the whole case, and, if final judgment was rendered against him, he could review any error of law in this court. Or, he could appeal directly to this court upon giving the stipulation which the Constitution and the statute require. The Appellate Division had no power to dispense with this condition, and it did not in terms attempt to.

The appeal should, therefore, be dismissed, with costs.

All concur.

Appeal dismissed.