(51 App. Div. 1.)

MEEKIN v. BROOKLYN HEIGHTS R. CO.

(Supreme Court, Appellate Division, Second Department. April 24, 1900.)

1. INJURIES CAUSING DEATH—DAMAGES—DEATH OF PLAINTIFF—SUBSTITUTION —ABATEMENT AND REVIVAL.

Where an action for damages in causing the death of a daughter has been commenced by the father against defendant, on the death of the father the administratrix of the deceased daughter will be substituted as plaintiff, on her petition, and the action will be revived in her name.

2. APPEAL—STIPULATION FOR JUDGMENT ABSOLUTE.

Where an appeal is taken to the appellate court from an order reviving an action against defendant, in which there is a stipulation for judgment absolute against it in the event of affirmance, defendant can appeal to the court of appeals on a question of law involved.

Appeal from special term, Kings county.

Petition by Clara Meekin, administratrix of Laurie Meekin, deceased, to be substituted as plaintiff in an action brought by Charles Meekin, as administrator of Laurie Meekin, deceased, against the Brooklyn Heights Railway Company. From an order reviving the action in the name of Clara Meekin, and giving her leave to serve a supplemental summons and complaint, and awarding her costs, defendant appeals. Modified and affirmed.

Argued before GOODRICH, P. J., and BARTLETT, WOODWARD, HIRSCHBERG, and JENKS, JJ.

John L. Wells, for appellant.
Isaac M. Kapper, for respondent.

WILLARD BARTLETT, J.   This action was originally commenced by Charles Meekin, the father of Laura Meekin, deceased, to recover damages against the defendant for wrongfully causing the death of his said daughter.   Charles Meekin is dead, and Clara Meekin has been appointed administratrix of Laurie Meekin.   The administratrix petitioned to be substituted as plaintiff herein in place of Charles Meekin, and the prayer of her petition has been granted by the court below, which made an order reviving the action in her name, and giving her leave to serve a supplemental summons and complaint.   We think that this order should be sustained, upon the authority of Mundt v. Glokner, 24 App. Div. 110, 48 N. Y. Supp. 940, and upon the prevailing opinion of the appellate division of the First department in that case.   As the decision in the case cited granted a new trial, the court of appeals was without jurisdiction to pass upon the important question of law which was presented there, and which arises here, inasmuch as there was no stipulation on the part of the appellant for judgment absolute in the event of an affirmance.   160 N. Y. 571, 55 N. E. 297.   In the present case, however, there need be no such difficulty, if the defendant desires to go to the court of appeals; and we think the question is one which ought to be determined as speedily as may be by that tribunal.

The order was erroneous, however, so far as it charged the defendant with costs.   It will be modified by striking out the award of costs, and as modified affirmed, without costs of this appeal to either party.   All concur.