THE NEW YORK CENTRAL AND HUDSON RIVER RAILROAD COMPANY, Respondent, *v.* THE STATE OF NEW YORK, Appellant.

APPEAL — STIPULATION FOR JUDGMENT ABSOLUTE CANNOT BE DISPENSED WITH BY ALLOWANCE OF APPEAL. The Appellate Division, in a case where an appeal may be taken to the Court of Appeals as a matter of right by giving a stipulation for judgment absolute, has no power to dispense with that condition by allowing the appeal and certifying questions of law for review.

*N. Y. C. & H. R. R. R. Co.* v. *State of New York*, 37 App. Div. 57, appeal dismissed.

(Argued February 13, 1901; decided March 26, 1901.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the third judicial department, made January 11, 1899, which reversed a judgment of the Court of Claims dismissing the plaintiff's claim and granted a new trial.

This was a claim for damages for an appropriation of lands and for injuries to a railroad embankment caused by the building of a state dam across the Black river which set back a large volume of water against claimant's railroad.

*John C. Davies, Attorney-General* (*George H. Stevens* of counsel), for appellant.

*Charles E. Snyder* for respondent.

PARKER, Ch. J.   The order of the Appellate Division sought to be reviewed reversed a judgment of the Court of Claims and ordered a new trial.   From that order the defendant could have appealed to this court as a matter of right on giving a stipulation that upon affirmance judgment absolute should be rendered against it.   The learned attorney-general apparently concluded that the best interests of the state might not be subserved by giving such a stipulation, and so application was successfully made to the Appellate Division for an order allowing an appeal to this court, and certifying that questions of law were involved that in its opinion should be reviewed by this court.   This order and the notice of appeal served in pursuance of its permission did not operate to confer jurisdiction upon this court, for the Appellate Division has no power in a case where an appeal is given as a matter of right upon certain conditions, to dispense with the conditions by allowing an appeal. (*Mundt* v. *Glokner*, 160 N. Y. 571.)

The appeal should be dismissed, with costs.

O'BRIEN, HAIGHT, CULLEN and WERNER, JJ., concur; GRAY and LANDON, JJ., not sitting.

Appeal dismissed.