In the Matter of the Probate of the Will of MARTHA GIBSON, Deceased.

BERTHA H. GREEN et al., Appellants; JOSEPH GIBSON et al., Respondents.

**Appeal — order of Appellate Division granting a new hearing in a special proceeding not appealable as of right to Court of Appeals.**

The orders granting new trials on exceptions, of which a review is permitted by this court, where the appellants stipulate for judgment absolute in the event of affirmance, are only such as grant new trials in actions, and do not include orders granting new hearings in special proceedings.

The right to review an order which reverses a judgment in an action and grants a new trial does not extend to an order reversing a decree of a Surrogate's Court and directing a new hearing. *Matter of Whitney,* 153 N. Y. 259, distinguished.

*Matter of Gibson,* 128 App. Div. 769, appeal dismissed.

(Argued April 27, 1909; decided June 18, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered February 8, 1909, which reversed a decree of the Otsego County Surrogate's Court refusing to admit to probate an instrument propounded as the will of Martha Gibson, deceased, and directed that the proceeding be " remitted to the Surrogate's Court of the county of Oswego." Also motion to dismiss the appeal herein on the ground that the order appealed from is not one finally determining a special proceeding.

The notice of appeal to this court contains a stipulation by the appellants that if the order of the Appellate Division be affirmed, judgment absolute shall be rendered against them.

*Edson A. Hayward* for appellants.

*J. F. Thompson* for Joseph Gibson et al., respondents.

*Tilley Blakely* for Gaylord Gibson et al., respondents. The order appealed from, not being an order finally determining a special proceeding, is not appealable as of right to

this court. (Code Civ. Pro. § 190, subd. 1; Const. of N. Y. art. 6, § 9; *People* v. *A. L. & T. Co.*, 150 N. Y. 117; *Van Arsdale* v. *King*, 155 N. Y. 325; *Matter of Goetz*, 172 N. Y. 608; *Matter of Latz*, 110 N. Y. 661; *People ex rel. B. G. & E. Co.* v. *Barker*, 155 N. Y. 308; *Matter of Daly*, 173 N. Y. 640; *Matter of Wilcox*, 131 N. Y. 610.)

WILLARD BARTLETT, J. This case presents an interesting question on the merits in regard to which the surrogate of the county of Otsego has differed from the Appellate Division of the Supreme Court in the third department. That question is whether a paper propounded as a will can be considered as having been subscribed by the testator at the end thereof where a portion of the writing extends along the margin of the paper to a point below the signature. The surrogate held that such a paper was not subscribed in conformity with the statute so as to entitle it to admission to probate as a will, while the learned Appellate Division adopted a contrary view, holding that the insertion of unimportant provisions in the margin below the signature might be ignored and the portion of the document above the signature admitted to probate.

Inasmuch, however, as we are compelled to dispose of the motion to dismiss the appeal before coming to this question, and as we have reached the conclusion that that motion should be granted, we are precluded from a consideration of the case on its merits.

The decree of the Surrogate's Court adjudged that the instrument offered for probate as the last will and testament of Martha Gibson, deceased, was not duly executed as required by law, and was not signed at the end thereof by the decedent nor by the witnesses, and probate thereof was accordingly denied. The Appellate Division ordered "that the aforesaid decree be and the same hereby is, in all things, unanimously reversed, without costs;" and further ordered, "that the above-entitled proceeding be and the same hereby is remitted to the Surrogate's Court of the county of Otsego."

There was no direction in the order of the Appellate Division that the paper should be admitted to probate upon the return of the proceedings to the Surrogate's Court.

If the order of the Appellate Division had contained a direction to that effect it would be deemed final, and, therefore, appealable to this court under the provision of the Constitution and the Code of Civil Procedure which permits appeals to be taken as of right to the Court of Appeals from orders finally determining special proceedings. (Constitution, art. 6, § 9; Code Civ. Proc. § 190, subd. 1.) The order was of this character in *Matter of Hunt* (110 N. Y. 278) and also in *Matter of Wilcox* (131 N. Y. 610). In the case first cited this court entertained jurisdiction of an appeal from a General Term order which reversed the decree of a Surrogate's Court denying probate and directed the surrogate to admit the instrument to probate and the order of the General Term was affirmed here. In the second case the order which came up from the General Term was similar in form. This court modified the order by striking out the direction to admit the instrument to probate, and substituted therefor a direction to the surrogate to try an issue raised by the contestants which had been left undetermined in the Surrogate's Court. In both instances the order of the General Term which came before this court for review was as it stood a final determination of a special proceeding and, hence, clearly reviewable here.

The present order is of a different character. It plainly contemplates a further hearing in the Surrogate's Court. The surrogate had excluded evidence offered by the proponents upon the first hearing bearing upon the time when and the circumstances under which the marginal portion of the propounded paper had been written. The opinion of the Appellate Division shows that it deemed such evidence relevant and material, and the exceptions to its exclusion must have furnished, in part at least, the basis of the reversal. After reversing the decree the order simply remits the proceedings to the Surrogate's Court. It does not prescribe probate or

attempt otherwise to direct what action the surrogate shall take.

These features make the order analogous to an order of reversal in an action which order also grants a new trial. Such an order in an action is appealable to this court under the Constitution and the Code, provided the appellant gives a stipulation for judgment absolute against him if he is unsuccessful here. We are of opinion, however, that the right to review an order which reverses a judgment in an action and grants a new trial does not extend to an order reversing a decree of a Surrogate's Court and directing a new hearing.

The proper construction of subdivision 1 of section 190 of the Code of Civil Procedure, the language of which follows the exact words of the Constitution, was considered by this court in the case of *Van Arsdale* v. *King* (155 N. Y. 325). The provision reads as follows : "Appeals may be taken as of right to said court, from judgments or orders finally determining actions or special proceedings, and from orders granting new trials on exceptions, where the appellants stipulate that upon affirmance, judgment absolute shall be rendered against them." It was held that the word "judgments" referred only to a judgment in an action; and that the words "special proceedings" related to the antecedent word "orders," and hence a final order to be reviewed must be an order in a special proceeding. The same method of reasoning adopted in that case leads to the conclusion that the orders granting new trials on exceptions of which a review is permitted by this court where the appellants stipulate for judgment absolute in the event of affirmance, are only orders granting new trials in actions and do not include orders granting new hearings in special proceedings. Strictly speaking there can be no judgment absolute in a special proceeding at all because a special proceeding is terminated by an order (or by a decree in the Surrogate's Court) and not by a judgment *eo nomini*. Thus, a final determination of the rights of the parties to a special proceeding in a Surrogate's Court is styled indiffer-

ently a final order or a decree (Code Civ. Proc. § 2550), but not a judgment.

The order which we are asked to review by the present appeal is in effect an order granting a new trial upon exceptions in a special proceeding. Prior to the adoption of the Constitution of 1894 it was settled that such an order was not appealable to this court. (*Roe* v. *Boyle*, 81 N. Y. 305.) The judiciary article in that Constitution could not have been intended to change the rule in this respect. In the constitutional convention while that article was under consideration the course of the debate repeatedly manifested the intention of its framers to restrict rather than extend the jurisdiction of the Court of Appeals. (See Revised Record Constitutional Convention of 1894, volume 2, pages 895, 980.)

*Matter of Whitney* (153 N. Y. 259) is relied upon as an authority to sustain our jurisdiction to entertain the appeal in this case. I do not think it can be so regarded. There the order of the Appellate Division, as appears by an examination of the record on file in this court, not only remitted the proceeding to the Surrogate's Court, but contained a direction that the will be admitted to probate. The language is: "And the said Surrogate's Court of Monroe county is hereby directed to proceed with the probate of the will of said James R. Whitney, deceased." This made the order final; not, as here, an order directing a new hearing.

Our conclusion is that we have no jurisdiction either under the Constitution or the Code to entertain this appeal, and, therefore, that the appeal must be dismissed, without costs.

GRAY, EDWARD T. BARTLETT, HAIGHT, VANN, WERNER and CHASE, JJ., concur.

Appeal dismissed.