EMILY IRVING SMITH, Appellant, *v.* MICHAEL FURST and Others, Respondents.

Second Department, February 7, 1919.

Decedent's estate — enforcement in equity of contract in writing by two parties that their property shall become the property of the survivor — evidence — sufficiency of complaint — enforcement against heirs and next of kin of deceased party.

Where a complaint alleged that on or about a certain date plaintiff and one F., now deceased, entered into a contract in writing wherein and whereby said F. promised that if she should predecease said plaintiff, all property owned by her at that time should become the property of the plaintiff to use for her maintenance and comfort, and that upon said plaintiff's death the remainder should be divided equally between the families of the plaintiff and F., and that the plaintiff made a similar promise, and it appeared that there was a consideration and performance by both parties down to the death of F., and that the defendant's heirs and next of kin contrary to the provisions of the contract have taken possession of the property excluding the plaintiff and refusing to allow her to continue in possession, the complaint states a cause of action and should not have been dismissed.

Such contracts if established by clear and convincing testimony and supported by adequate consideration should be sustained, and performance compelled by the heirs of the decedent.

It is not essential to the intervention of a court of equity in order to prevent the accomplishment of wrong that an agreement should be established by direct evidence. It may be established from such facts and circumstances as will raise an implication that it was made, and may have reinforcement from the evidence of the conduct of the parties at the time and subsequently.

If a valid contract is established, performed by the contracting parties during their lives, equity holds the next of kin or survivors of one of the contracting parties deceased, trustees for the execution of the agreement.

APPEAL by the plaintiff, Emily Irving Smith, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Kings on the 18th day of April, 1918, upon a decision of the court after a trial at the Kings County Special Term.

The decision dismissed the complaint, without costs, upon the ground that it did not state facts sufficient to constitute a cause of action, " without prejudice to the right of the plaintiff to commence another action for any relief she may be entitled to other than the relief demanded in the complaint herein."

The action is brought against the administrator and the heirs and next of kin of Sarah Furst, deceased, to enforce a contract made by her prior to her death. The complaint alleges that Sarah Furst died intestate April 25, 1916; that letters of administration on her estate were issued to the defendant Michael Furst. Her nearest relatives are two brothers, a sister and children of a deceased brother. For seventeen years prior to the making of the agreement upon which the action is based, Sarah Furst and the plaintiff had lived together and had been associated as partners in conducting and managing a boarding and lodging house; during said period all funds and profits of said business had been deposited in the name of said Sarah Furst, and title to all property purchased with such funds and profits had been taken in her name for the partnership. At the time of the death of Sarah Furst the legal title to certain real and personal property and moneys deposited in banks was held in the name of Sarah Furst.

The complaint alleges that on or about the 1st day of July, 1913, plaintiff and said Sarah Furst, deceased, entered into a contract in writing wherein and whereby said Sarah Furst,

deceased, promised that if she should predecease said plaintiff, all personal property, money in bank and real estate owned by her at that time should become the property of said plaintiff to use for plaintiff's maintenance and comfort, and that upon said plaintiff's death what should remain should be divided equally between the Smith and Furst families, and on her part and as consideration for said promise the said plaintiff promised that if she should predecease said Sarah Furst, her property should in like manner become the property of said Sarah Furst, and upon said Sarah Furst's death be divided in like manner between the Smith and Furst families. A copy of the contract is annexed to the complaint, as follows: ·

" New York City, *July* 1st, 1913.

" In the event of the death of either of us, all personal property, money in bank, and real estate owned by either of us at that time, shall become the property of the remaining one to use for her maintenance and comfort, and she alone shall administer the estate. At her death whatever remains shall be divided equally between the Furst and Smith families.

" EMILY IRVING SMITH
" SARAH FURST."

And the complaint goes on to allege that further consideration for the execution of the contract lay in the fact that said plaintiff and said Sarah Furst had, during a period of seventeen years prior thereto, lived together, and had been associated together as partners in the conduct and management of a boarding and lodging house business in the borough of Brooklyn, city and State of New York, and that during said period all funds and profits of said business had been deposited in the name of said Sarah Furst, and title to all property purchased with such funds and profits taken in the name of said Sarah Furst for said partnership.

The defendants Charles S. Furst, one of the brothers of deceased, Lilly S. Furst, his wife, and Cynthia G. and Lewis M. Smith, the next of kin of the plaintiff, answered admitting the contract and the partnership as alleged in the complaint, praying for judgment that the property of which Sarah Furst died seized be sold according to law; that all parties account for all moneys received, and that defendants receive their

proportionate and just share of the estate. The other defendants answered denying plaintiff's allegations concerning the contract and asking that the complaint be dismissed.

*Joseph M. Proskauer* [*Wesley S. Sawyer* with him on the brief], for the appellant.

*I. R. Oeland* [*Julius Schwartz, David Bennett King, Albert R. Lesinsky* and *Arnold S. Furst* with him on the brief], for the respondents Michael Furst, individually and as administrator, etc., and others.

KELLY, J.:

This court has recently considered the question of the power and duty of a court of equity with regard to contracts providing for the disposition of property at the death of one of the contracting parties, and has stated the rule that such contracts, if established by clear and convincing testimony and supported by adequate considerations, should be sustained, and performance compelled by the heirs of the decedent. (*Matter of Hermann,* 178 App. Div. 182; affd., without opinion, 222 N. Y. 564; *Hermann* v. *Ludwig,* 186 App. Div. 287.) The equitable principle sustained in these cases has been established by a long line of decisions, cited in the cases referred to. The difficulty which has often been found in enforcing such contracts has been in the lack of evidence of the agreement itself. (*Rastetter* v. *Hoenninger,* 151 App. Div. 853; revd., on other grounds, 214 N. Y. 66.) In the case at bar we have no difficulty in finding the contract, which is in writing signed by both parties, and it is the contract obligation which is enforced in equity. It is not essential to the intervention of a court of equity in order to prevent the accomplishment of wrong that an agreement should be established by direct evidence. It may be established from such facts and circumstances as will raise an implication that it was made, and may have reinforcement from the evidence of the conduct of the parties at the time and subsequently. It is unnecessary to cite here the many cases bearing upon the questions here involved dating from *Dufour* v. *Pereira* (Hargrave's Jurid. Arg. 304; 1 Dick. 419) in 1769, and Judge WERNER says in

*Phalen* v. *United States Trust Co.* (186 N. Y. 178) the principle " was not then new." While most of the cases refer to testamentary disposition of property, it is the contract of the parties which is enforced. If a valid contract is established, performed by the contracting parties during their lives, equity holds the next of kin or survivors of one of the contracting parties deceased, trustees for the execution of the agreement. If the plaintiff in the present case, upon the death of her associate and partner, had taken possession of the real and personal property of the decedent, and instead of recognizing that her right to it was for life only, to be used for her maintenance and support, had attempted to waste it or transfer it to her own family by deed or will, can it be doubted that a court of equity would interfere to protect the remainder interest of the Furst family? The situation would be almost identical with *Rastetter* v. *Hoenninger* (*supra*).

The complaint in this case alleges a contract, consideration and performance by both parties down to the death of Miss Furst. It is alleged that her next of kin, contrary to its provisions, have taken possession of the property of the decedent, excluding the plaintiff, refusing to allow her to continue in possession and to perform her obligations. The plaintiff should have been permitted to try her case and prove the facts alleged, if she can prove them, so that the court might properly settle and adjust the rights of the parties interested.

The judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

RICH, PUTNAM and JAYCOX, JJ., concurred; JENKS, P. J., not voting.

Judgment reversed and new trial granted, with costs to appellant to abide the event.