App. Div.]          Second Department, April, 1919.

BASS & BASS, INC., v. ALBERT NEUMARK and Others.— Motion to dismiss appeal denied, with ten dollars costs. Present — Clarke, P. J., Dowling, Smith, Page and Shearn, JJ.

DE LA VERGNE MACHINE COMPANY v. W. E. D. STOKES.— Motion to dismiss appeal granted, with ten dollars costs. Present — Clarke, P. J., Dowling, Smith, Page and Shearn, JJ.

EMANUEL M. KAISER v. EDITH C. KAISER.— Motion to dismiss appeal denied. See memorandum for counsel. Order to be settled on notice. Present — Clarke, P. J., Dowling, Smith, Page and Shearn, JJ.

---

## SECOND DEPARTMENT, APRIL, 1919.

KATE HESSLER, Appellant, v. HARRY BRENNER, Respondent, and Another, Defendant.

*Negligence — witness — testimony of patrolman — dismissal.*

Appeal by the plaintiff from a judgment of the Supreme Court, entered in the office of the clerk of the county of Queens on the 13th day of June, 1918, dismissing the complaint.

Judgment affirmed, with costs. No opinion. Jenks, P. J., Rich, Kelly and Jaycox, JJ., concurred; Putnam, J., read for reversal.

PUTNAM, J. (dissenting): I cannot concur to affirm this dismissal, since it professed to be based solely on the unsatisfactory testimony of the patrolman Schwab, who had rescued plaintiff after she had fallen from the street car, and had been struck by Brenner's automobile. Subjected to a three-sided examination, the patrolman gave varying versions of the occurrence, with estimates of the distances from the automobile to the car tracks, that were discrepant though not irreconcilable. But such yielding to suggestions on cross-examination did not destroy or cancel the original testimony of that witness. While he had thus given three or more versions, variant in details, such discrepancies were nevertheless of fact, and did not make a case for dismissal. That one of such estimates of distance might be favorable to the respondent, did not take the determination of the real situation from the jury. (*Cannon* v. *Fargo*, 222 N. Y. 321.) Hence I vote for reversal and a new trial.

---

SEYMOUR W. BONSALL, Respondent, v. BEATRICE C. SHIVERICK, Appellant. — Motion denied. Present — Mills, Rich, Putnam, Blackmar and Kelly, JJ.

ELMO BROWN and Others, Constituting the Board of Trustees for School District No. 8, Town of Greenburgh, Westchester County, Appellants, v. WILLIAM BUNSELMEYER and Others, etc., Respondents.— Motion granted, without costs. Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

In the Matter of CHARLES E. HUNTER, an Attorney.— Matter referred to the Hon. Edward B. Thomas, as official referee, to take proof and report. Present — Jenks, P. J., Putnam, Blackmar and Kelly, JJ.

CHARLES F. LAWLER, Plaintiff, v. SHEFFIELD CONSTRUCTION COMPANY

and Others, Defendants.  WILLIAM J. DILTHEY, Appellant; SOUND HOLDING COMPANY, Purchaser, Respondent.— Motion denied, without costs.  Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

JOSEPH NAUGHTON, Appellant, v. FERDINAND REINEKING REALTY COMPANY, Respondent.— Motion granted, and the trial of the action in the Municipal Court stayed pending the appeal, on condition that appellant perfect the appeal and bring the case on for argument on Thursday, April 17, 1919; otherwise, motion denied, with ten dollars costs.  Present — Mills, Rich, Putnam, Blackmar and Kelly, JJ.

EMILY IRVING SMITH, Appellant, v. MICHAEL FURST and Others, Respondents.— As this court has reversed and ordered a new trial (186 App. Div. 452), the reversal can only be reviewed by defendants stipulating that upon affirmance judgment absolute shall be rendered against them. (Const. art. 6, § 9.)  Hence we have no power to certify questions to the Court of Appeals.  (*Mundt* v. *Glokner*, 160 N. Y. 571; *Caponigri* v. *Altieri*, 164 id. 476.)  Motions for reargument and for leave to appeal to the Court of Appeals denied, without costs.  Present — Mills, Rich, Putnam, Blackmar and Kelly, JJ.

STUART A. STEPHENSON, as Administrator, etc., of SARAH J. COUTANT, Deceased, ·Respondent, v. MAX MENDELSON, MARY HEALY and Others, Appellants.— Motion denied.  Present — Jenks, P. J., Mills, Rich, Blackmar and Jaycox, JJ.

ISLA V. COCKLE, Respondent, v. PELHAM PARK AND CITY ISLAND RAILWAY COMPANY, INC., Appellant.— The allegations of the complaint, admitted by the answer, are to the effect that the defendant was a street railway company operating its railroad along the public highway known as City Island road.  That being so, the court was right in charging the jury that the motorman was under an obligation to use care to discover whether any vehicle or person was upon the track.  The plaintiff was neither a trespasser nor a licensee, but had a right on the track subject to the paramount but not exclusive right of the defendant company.  This charge is reasonably within the allegations of the complaint, liberally construed; and the testimony as to the distance from the curve to the place where the automobile was stalled upon the track, together with the motorman's statement that he did not see the automobile until he was within fifteen feet of it, furnishes a foundation for the finding by the jury that the defendant was negligent. The question of contributory negligence was plainly a question of fact. Judgment and order unanimously affirmed, with costs.  Present — Jenks, P. J., Mills, Putnam, Blackmar and Kelly, JJ.

DAVID L. CONKLIN and JAMES S. CULLY, Respondents, v. RICHARD IRVIN & COMPANY, INC., Appellant.— The order should be modified by inserting, instead of the words "Also concerning the defendant's refusal to further carry out the contract herein with plaintiffs," the words "Whether the defendant refused to carry out the contract with plaintiffs;" and as modified affirmed, without costs to either party.  The plaintiffs allege in paragraph 4 of the complaint that on or about the 29th day of September, 1917, the defendant refused further to accept any ore shipped by plaintiffs