known as the Longshoremen's and Harbor Workers' Compensation Act, and that the defendant had complied with all the terms and conditions of said act, and, therefore, the plaintiff could not recover any moneys except the compensation provided thereunder.   The plaintiff opposed the motion to dismiss, contending that the Longshoremen's and Harbor Workers' Compensation Act is unconstitutional, null and void.

*Joseph Banner* for appellant.
*Ray Rood Allen* for respondent.
*Harry S. Austin* for International Longshoremen's Association, *amicus curiæ.*

Judgment affirmed, with costs; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ.   Not sitting: ANDREWS, J.

---

THYRZA B. FLAGG et al., Respondents, *v.* ROBERT MOSES et al., Individually and as Commissioners of the Long Island State Park Commission, Appellants.

*Appeal — reversal by Appellate Division of judgment entered upon dismissal of complaint and grant of new trial — Appellate Division without power to grant permission to appeal to Court of Appeals on certified questions.*

*Flagg* v. *Moses,* 222 App. Div. 762, affirmed.

(Argued March 26, 1928; decided April 10, 1928.)

APPEAL, by permission, from an order of the Appellate Division of the Supreme Court in the second judicial department, entered January 13, 1928, which denied for lack of power defendants' motion for leave to appeal to the Court of Appeals from an order of said Appellate Division entered December 9, 1927, reversing a judgment in favor of defendants entered upon a dismissal of the complaint by the court at a Trial Term and granting a new trial.   The following question was certified: In the circumstances of this case has this court power to grant leave to the defendants to appeal from the

order of this court entered in this court on December 9, 1927, reversing a judgment for defendants after a trial in the Suffolk County Supreme Court before Mr. Justice CALLAGHAN and a jury, entered on May 18, 1927, and to certify to the Court of Appeals that the following questions of law have arisen, which, in the judgment of the court, should be reviewed by the Court of Appeals: " 1. Was the plaintiffs' complaint properly dismissed at the end of plaintiffs' case? 2. Should the question whether the Long Island State Park Commission had funds measurably adequate for the appropriation of the premises described in the complaint have been submitted to the jury? 3. Should the question whether the Long Island State Park Commission acted in good faith in arriving at a valuation of the premises described in the complaint have been submitted to the jury? 4. Was the Appellate Division warranted in reversing the judgment dismissing the complaint in order to permit a recovery of nominal damages? "

*Walter H. Pollak, G. Frank Dougherty* and *George D. Carrington* for appellants.

*John A. Kelly* and *Walter S. Throop* for respondents.

Order affirmed, with costs; question certified answered in the negative; no opinion.

Concur: CARDOZO, Ch. J., POUND, CRANE, LEHMAN, KELLOGG and O'BRIEN, JJ. Not sitting: ANDREWS, J.