In the Matter of the Application of FRANK T. SAGE and Others, Petitioners, for a Certiorari Order against THOMAS E. BRODERICK and Others, Defendants.

Supreme Court, Monroe County, January 29, 1931.

*Moser & Reif*, for the petitioners.

*John Van Voorhis*, for the defendants.

RODENBECK, J. The final determination of a special proceeding is expressed in a final order. " Strictly speaking there can be no judgment absolute in a special proceeding at all because a special proceeding is terminated by an order (or by a decree in the Surrogate's Court) and not by a judgment *eo nomini.*" (*Matter of Gibson*, 195 N. Y. 466, 469; *Matter of Board of Education of Brooklyn*, 11 N. Y. Supp. 780; *Matter of City of New York* v. *Mitchell*, 183 N. Y. 570; Civ. Prac. Act, §§ 1305, 1532.)

The use of the word " adjudged " in the final order is inappropriate, but the substantial error in the order is the direction that the petitioners recover from the defendants the sum awarded as costs and disbursements, individually, and have execution therefor.

The costs and expenses of defending a suit by the members of the town board are made a town charge and are not an individual liability. The statute provides that " The costs and expenses lawfully incurred by any town officer in * * * defending any * * * proceeding brought * * * against * * * such officer for an official act done, shall be a town charge in all cases where the officer is required by law * * * to do such act * * *. All town charges specified in this section shall be pre-

sented to the town board for audit, and the moneys necessary to defray such charges shall be levied on the taxable property in such town by the board of supervisors." (Town Law, § 170, subd. 7, as amd. by Laws of 1914, chap. 440.)

The direction for costs in the decisions of the Appellate Division and Court of Appeals did not impose them upon the defendants personally, but were imposed upon them as members of the town board for error, as officers, in auditing a claim, and these costs are made a town charge. It would be a serious check upon the impartial performance of the duties of a town board as a board of audit if the members were chargeable personally with costs for any error in rejecting a claim.

The order imposing the costs and disbursements of the proceeding upon the defendants personally is vacated, with ten dollars costs of motion.

So ordered.