In the Matter of the Estate of HERMAN E. SCHOENEWERG, Deceased.

EMPIRE TRUST COMPANY, Appellant; RICHARD SCHOENEWERG, Respondent.

Argued February 28, 1938; decided April 12, 1938.

Joseph R. Kelley for appellant. No presumption of invalidity attaches to the release. (*Larkin* v. *Wikoff*, 75 N. J. Eq. 462; *Cowee* v. *Cornell*, 75 N. Y. 91; *Matter of Voislawsky*, 135 Misc. Rep. 877; *Matter of Wagner*, 119 N. Y. 28; *Matter of Pruyn*, 141 N. Y. 544; *Ledyard* v. *Bull*, 119 N. Y. 62.) There is no evidence to warrant an inference of fraud, or of any other fact operative to avoid the release. (*Pimpinello* v. *Swift & Co.*, 253 N. Y. 159.) Assuming the truth of the controverted allegations of the petition, the non-disclosure thereof does not invalidate the release. (*Matter of Voislawsky*, 135 Misc. Rep. 877; *Matter of Packard*, 146 Misc. Rep. 65; *Matter of Hall*, 164 N. Y. 196; *Matter of Niles*, 113 N. Y. 547; *Ward* v. *Hasbrouck*, 169 N. Y. 407; *Matter of Phipps*, 214 N. Y. 378; *Gravenhorst* v. *Turner*, 215 App. Div. 617.) This appeal, on a certified question of law, has been taken properly and pursuant to leave of the Appellate Division, and a stipulation for judgment absolute is neither necessary nor proper. (*Matter of Gibson*, 195 N. Y. 466; *Matter of Hughes*, 254 N. Y. 597; *Matter of Reger* v. *O'Ryan*, 266 N. Y. 412.)

*John J. O'Connell* and *Philip Birnbaum* for respondent. The relation between petitioner and appellant was that of trustee and *cestui que trust*. Under such circumstances, it is incumbent on the trustee to show affirmatively that no deception was practiced, that no undue influence was used and that all the facts were explained fully, openly and voluntarily to the petitioner at the time he executed the release and were well understood by him at that time. (*Cowee* v. *Cornell*, 75 N. Y. 91; *Dambmann* v. *Shulting*, 75 N. Y. 55; *Matter of Smith*, 95 N. Y. 516; *Green* v. *Roworth*, 113 N. Y. 462; *Smith* v. *Ogilvie*, 127 N. Y. 143; *Jones* v. *Jones*, 137 N. Y. 610; *Barnard* v. *Gantz*, 140 N. Y. 249; *Doheny* v. *Lacy*, 168 N. Y. 213; *Post* v. *Benchley*, 48 Hun, 83; *Ferris* v. *Ferris*, 34 App. Div. 146; *Peoples Trust Co.* v. *Harman*, 43 App. Div. 348; *Spier* v. *Hyde*, 92 App. Div. 468; *Toomey* v. *Whitney*, 94 App. Div. 154; *Dolan* v. *Cummings*, 116 App. Div. 787; 193 N. Y. 638.) The fact that petitioner asked no questions on May 5, 1933, cannot deprive him of his right to attack the release. (*Albany City Sav. Institution* v. *Burdick*, 87 N. Y. 40; *Smith* v. *Smith*, 134 N. Y. 62; *Wilcox* v. *A. T. & T. Co.*, 176 N. Y. 115.) The petitioner's attack was timely. (*Shaw* v. *D., L. & W. R. R. Co.*, 126 App. Div. 210.) In the absence of a stipulation for judgment absolute, the appeal should be dismissed. (*N. Y. C. & H. R. R. R. Co.* v. *State*, 166 N. Y. 286; *City of Buffalo* v. *Stevenson*, 207 N. Y. 258; *Sand* v. *Garford Motor Truck Co.*, 236 N. Y. 327.)

LOUGHRAN, J. We meet first a question of our jurisdiction.

This proceeding was brought in the Surrogate's Court of the county of New York by the remainderman of a testamentary trust to compel an accounting by the trustee. After a hearing, the Surrogate dismissed the petition. On appeal by the petitioner to the Appellate Division, the decree was reversed and a new trial ordered.

This appeal by the trustee was taken by leave of the Appellate Division granted pursuant to subdivision 4 of section 588 of the Civil Practice Act as in the case of a determination " other than a judgment, or order which finally determines an action or special proceeding." There has been certified to us the question whether the dismissal of the proceeding by the Surrogate was error.

Subdivision 2 of section 588 provides for an appeal to this court, " As of right, from an order of the appellate division granting a new trial where the appellant stipulates that, upon affirmance, judgment absolute shall be rendered against him." When an appeal may so be taken as of right, the Appellate Division is without power to permit an appeal on a certified question under subdivision 4. (*Flagg* v. *Moses*, 248 N. Y. 509.) No stipulation for judgment absolute has here been given by the appealing trustee. It is suggested by the petitioner-respondent that this omission calls for a dismissal of the appeal.

In *Matter of Gibson* (195 N. Y. 466); *Matter of Hughes* (254 N. Y. 597), and *Matter of Barry* (271 N. Y. 523) we held that the right to appeal from an order of the Appellate Division granting a new trial did not extend to an order which reversed a Surrogate's decree in a special proceeding and directed a new hearing. A stipulation for *judgment* absolute would be inappropriate and usually nugatory in that case. The implication of a contrary view in *Matter of Schillinger* (258 N. Y. 186) was an inadvertence. This appeal is properly here and we pass to the merits.

On the falling in of the last life estate under the trust of which he was remainderman, the petitioner in May, 1933, attended at the office of the trustee at its request. He was then an adult under no disability. Officers of the trustee thereupon submitted to him an account of their management of the trust during the fifteen years of its existence. This document was in form such that it would have been received for filing in the Surrogate's Court. The securi-

ties therein shown as constituting the trust *corpus* were delivered to the petitioner and he gave a receipt therefor. He also signed and delivered to the trustee a release running from himself as remainderman.

In April, 1936, this proceeding was instituted. The grievance asserted by the petitioner was that a mortgage investment that had been made by the trustee was an unlawful mishandling of the trust. For the purpose of the hearing, the Surrogate assumed that the challenged investment was so far unsound that (had other things remained the same) a surcharge against the trustee would have been warranted. On that assumption, the ruling was that in the circumstances the petitioner was barred by the release he had given.

We think this ruling was right. No claim was made by the petitioner of actual imposition practiced upon him. His testimony was that he had understood the objective nature of the instrument of release. In the account accepted and retained by him was a schedule which showed that the mortgage investment in question had been defaulted and was in process of reorganization. No proof of any misrepresentation or of refusal to disclose any fact was offered.

This being his case, the petitioner may not be heard to say that the accounting trustee owed to him as remainderman an affirmative duty to detail an open state of facts as to which he was content to waive inquiry. There can be no legal implication of impropriety in such a business transaction. " Most of the business relations between persons, in a sense and to a degree, rest upon confidence reposed by the one in the other. Without it, the commercial dealings of the community would be seriously restricted. But the common-law presumption of impropriety, or of unfairness, was not intended to reach such cases; or any cases except those where the circumstances have created what the law regards as a fiduciary relation and where, as a safer general assumption, it regards one as

the stronger party and, therefore, as bound, in every transaction with the other, to establish, affirmatively, its good faith and propriety." (*Doheny* v. *Lacy*, 168 N. Y. 213, 223.)

The order of the Appellate Division should be reversed and the decree of the Surrogate's Court affirmed, with costs in this court and in the Appellate Division. The question certified should be answered in the negative.

CRANE, Ch. J., LEHMAN, O'BRIEN, HUBBS, FINCH and RIPPEY, JJ., concur.

Ordered accordingly.