In the Matter of RESTAURANTS & PATISSERIES LONGCHAMPS, INC., et al., Respondents, against JOHN F. O'CONNELL et al., Constituting the State Liquor Authority, Appellants.

Argued February 17, 1947; decided February 28, 1947.

240

*Alvin McKinley Sylvester* for appellants. The appeal was properly taken by order of the Appellate Division which certified that in its opinion a question of law was involved which should be decided by the Court of Appeals. Since the order appealed from did not direct a new hearing on the merits, the appellants could not appeal as of right by stipulation for order absolute. Moreover, all of the charges having been sustained, such a stipulation, even if authorized, would be contrary

to public policy. (*Matter of Bolani* v. *O'Connell*, 271 App. Div. 850; *Friedman* v. *Friedman*, 240 N. Y. 608; *Conger* v. *Conger*, 77 N. Y. 432; *Matter of Decker* v. *Story*, 259 N. Y. 580; *People ex rel. Judson* v. *Thacher*, 55 N. Y. 525.)

*J. Bertram Wegman, I. Maurice Wormser, Jesse Moss, Myron L. Shapiro* and *Robert J. Fitzsimmons* for respondents. The Appellate Division had no power to grant leave to appeal in a case such as this where an appeal lies as of right. (*Mundt* v. *Glokner*, 160 N. Y. 571; *N. Y. C. & H. R. R. R. Co.* v. *State of New York*, 166 N. Y. 286; *Lordi* v. *People's Surety Co.*, 143 App. Div. 477; *Smith* v. *Furst*, 188 App. Div. 892; *Carroll* v. *City of Yonkers*, 194 App. Div. 974; *Flagg* v. *Moses*, 222 App. Div. 821; *Gross & Son* v. *State of New York*, 243 N. Y. 629; *Brandorff* v. *Rogers*, 201 App. Div. 885; *Matter of Weinstein* v. *Board of Regents*, 292 N. Y. 589; *Matter of Epstein* v. *Board of Regents*, 295 N. Y. 154; *Matter of Colonial Liquor Distributors* v. *O'Connell*, 295 N. Y. 129; *Matter of Begent* v. *Noyes*, 284 N. Y. 229.)

*Per Curiam.* Petitioners' restaurant liquor licenses and warehouse permit were cancelled by the State Liquor Authority following a hearing on charges that petitioners had been guilty of violations of the Alcoholic Beverage Control Law. In a proceeding brought to review that determination, the Appellate Division, though sustaining the charges, annulled the determination and remitted the proceeding to the Liquor Authority to receive certain additional evidence, excluded at the hearing, which, in the opinion of the Appellate Division, was relevant " in mitigation of the offense and in consideration of the penalty to be imposed." The Liquor Authority has appealed to this court by permission of the Appellate Division, without filing a stipulation for order absolute.

The appeal must be dismissed. Though the new hearing ordered by the Appellate Division was limited to the issue of the penalty to be imposed, its order was nonetheless an order granting a new hearing from which an appeal lies only upon the filing of a stipulation for order absolute, as provided in the Constitution (N. Y. Const., art. VI, § 7) and in the Civil Practice Act (§ 588, subd. 3). (Cf. *Mundt* v. *Glokner*, 160 N. Y. 571; *Flagg* v. *Moses*, 248 N. Y. 509; *Morris* v. *Gardner*, 282 N. Y. 712;

*Matter of Schoenewerg,* 277 N. Y. 424, 427; *Elder* v. *New York &*
*Pennsylvania Motor Express, Inc.,* 284 N. Y. 350; *Matter of*
*Epstein* v. *Board of Regents,* 295 N. Y. 154.)

Motion to dismiss appeal granted and appeal dismissed, with
costs and $10 costs of motion.