■ In the Matter of the Claim of MAE DAME, Appellant, against HOPE'S WINDOWS, INC., et al., Respondents. WORKMEN'S COMPENSATION BOARD, Respondent.— Motion to dismiss appeal granted, by default, without costs. Foster, P. J., Bergan, Coon and Gibson, JJ., concur.

# (March 6, 1958)

■ In the Matter of BENJAMIN J. LOEWY, Petitioner, against BINGHAMTON HOUSING AUTHORITY, Respondent.— Decision of this court, handed down March 5, 1958 (ante, p. 907), is hereby amended to read as follows: Motion for permission to appeal to the Court of Appeals from an order of this court which annulled the determination of an administrative agency and remitted the matter to the agency for further proceedings not inconsistent with our opinion (4 A D 2d 581). We remitted to correct an abuse of discretion in the imposition of punishment (Civ. Prac. Act, § 1296, subd. 5-a) and the only issue before the agency is that as to the penalty to be imposed. If such an order of remission in an administrative proceeding be deemed one granting a "new hearing" (Civ. Prac. Act, § 588, subd. 3; § 589, subd. 2) we are without authority to grant permission to appeal (Matter of Restaurants Longchamps v. O'Connell, 296 N. Y. 239; Matter of Moredall Realty Corp. [Lubin], 3 A D 2d 690; Cohen and Karger on Powers of the New York Court of Appeals [rev. ed.], pp. 290–294). The Longchamps case was followed by constitutional and statutory amendments (N. Y. Const., art. VI, § 7, subd. [5]; Civ. Prac. Act, § 589, subd. 2; see Report of New York State Bar Association [1950, vol. 73], p. 316) which, however, conferred no additional power on the Appellate Division. Thus the decision in the Longchamps case remains pertinent to

applications made to this court for permission to appeal from an order granting a new hearing in an administrative proceeding. Under our decision in this case, the agency is free to impose any penalty less than that which we indicated to be the proper maximum, and to that extent a residuum of discretion remains with it. Thus its determination will not be a mere ministerial act. (See *Matter of Miller* v. *Bartlett Tree Expert Co.*, 3 N Y 2d 654.) However, the agency's consideration of the issue of punishment will not, under our order remitting for further proceedings, necessarily require the reception of evidence (as did the remission in the *Longchamps* case) or the conduct of a hearing and the order may on that account be deemed within the purview of section 589 (subd. 1, par. [a]) and appealable by our permission. (See *Matter of Glenram Wine & Liquor Corp.* v. *O'Connell*, 295 N. Y. 336; Cohen and Karger on Powers of the New York Court of Appeals [rev. ed.], pp. 283, 284.) Since the determination of the nature of our order for the purpose of appeal rests with the Court of Appeals in any event, and the question sought to be reviewed is an important one, it is perhaps unfortunate that respondent did not make application directly to that court pursuant to subdivision 2 of section 589 within the time limited therefor (Civ. Prac. Act, § 592, subd. 3) which had expired prior to the return day of respondent's motion here. Motion granted and this court certifies the following question: Did this court, upon affirming the respondent's findings of fact upon the charges and specifications of petitioner's misconduct, err as a matter of law, in finding that there was abuse of discretion in the measure of punishment imposed, and in annulling the determination on the law and the facts and in the exercise of discretion and remitting the matter for further proceedings not inconsistent with this court's opinion herein? Foster, P. J., Bergan, Coon and Gibson, JJ., concur.