John D. Bennett, S.
In this estate the testator and his wife executed a joint and mutual will in which they provided that certain real property held by them as tenants by the entirety was to be sold upon the death of the survivor of them and distributed among certain beneficiaries.
It is apparently the petitioning widow’s contention that because of the nature of the joint will the real property constitutes an asset of this estate. In this contention she is in error.
Although it has been held that joint wills may affect the right of survivorship of real property owned as tenants by the entirety (Cowilich v. Cowilich, 20 A D 2d 846; Swerdfeger v. Swerdfeger, 4 A D 2d 535), during the survivor’s lifetime he is the owner of the property subject to the restrictions of the agreement contained in the joint will (Rastetter v. Hoenninger, 214 N. Y. 66; *790 Smith v. Furst, 186 App. Div. 452); such agreement, however, is not enforcihle in this court during the life of the survivor.
Accordingly the surviving spouse’s application for advice and direction with regard to mortgaging the property cannot be entertained because of the lack of jurisdiction of the subject matter.
No order need be submitted unless desired by counsel.